**Johnny Carl JOHNSON, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–90–353–CR.**

Court of Appeals of Texas, Fort Worth.

June 30, 1992.

Discretionary Review Refused Oct. 21, 1992.

James H. Horton, Denton, for appellant.

Bruce Isaacks, Dist. Atty., David C. Colley, Stacy Scofield, Asst. Dist. Attys., Denton, for state.

Before HILL, FARRIS and LATTIMORE, JJ.

OPINION

FARRIS, Justice.

Johnny Carl Johnson appeals the revocation of his probation raising one point of error arguing that he was stopped pursuant to an unconstitutional DWI roadblock, and that the police officers who stopped him had no reasonable suspicion to detain him for an investigative detention. We overrule Johnson's point and affirm.

In 1988 Johnson was convicted of driving while intoxicated and received a sentence of 90 days, probated for 24 months, and a $500 fine. On September 2, 1990 Johnson was arrested for driving while intoxicated

by the Denton County Sheriff's Department after he made a left-hand turn and avoided a DWI roadblock.

The roadblock had been set up pursuant to a DWI task force between the hours of 11:00 p.m. and 1:15 a.m., with the procedure being to stop all cars travelling through in both directions. Officer Hammons of the Denton County Sheriff's Department was assisting in the operation of the roadblock and watched for vehicles that were attempting to avoid the roadblock. Hammons observed Johnson approach the roadblock intersection and make a left turn on the street just prior to the roadblock while accelerating at a high rate of speed. Hammons heard the squeal of Johnson's tires as he drove off.

Hammons then decided to pursue Johnson in his patrol car. While following Johnson, Hammons saw Johnson run a stop sign and weave on the roadway "almost ditch to ditch." Hammons then stopped Johnson's car and asked Johnson to step out of his truck, which Johnson did not. At this point another officer had arrived. Johnson eventually got out of his truck after several minutes of coaxing by Officer Hammons. Johnson was unsteady and had difficulty supporting himself. Officer Hammons told Johnson he had been stopped for driving while intoxicated and Johnson stated that he had had a few beers at a local tavern. The officer assisting Hammons attempted to give sobriety tests, but Johnson could not or would not comply. At that point, Johnson was arrested by the assisting officer.

Johnson's point of error focuses upon the alleged illegality of the roadblock, that is, "but for the illegal roadblock, [Johnson] never would have been followed." However, we find that the legality of the roadblock is not at issue since Johnson was not arrested by virtue of having gone through the roadblock. We find Hammons' stop of Johnson was legal based upon the reasonable suspicion and probable cause which arose upon Hammons' following Johnson.

■ The fourth amendment protects citizens from unreasonable searches and seizures by government officials. *See* U.S. CONST. amend. IV. To determine reasonableness, a person must exhibit an actual subjective expectation of privacy, and the expectation of privacy must be one that society is prepared to recognize as reasonable. *See Bower v. State,* 769 S.W.2d 887, 896 (Tex.Crim.App.1989). No single factor is conclusive as to whether an individual has a legitimate expectation of privacy. *Id.* An individual cannot be said to have a legitimate expectation of privacy while driving down public streets or we would have no way of enforcing many laws; thus, Johnson cannot be said to have had any expectation of privacy while driving down the street, and therefore, Hammons was entitled to follow Johnson when he heard the screeching tires regardless of whether Hammons was present by virtue of a legal roadblock or not.

We need not address the pretext stop situation because the fact situation presented was not a pretext case since Hammons did not objectively stop Johnson for an alleged improper reason. *See Garcia v. State,* 827 S.W.2d 937, 939 (Tex.Crim.App. 1992).[1] Hammons stopped Johnson upon having a reasonable suspicion that Johnson was driving while intoxicated and for no other reason.

■ We find that Hammons did in fact have a reasonable suspicion based upon articulable facts to justify Johnson's detention for investigation of driving while intoxicated. *See Terry v. Ohio,* 392 U.S. 1, 21–22, 88 S.Ct. 1868, 1877, 20 L.Ed.2d 889, 906 (1968); *Hoag v. State,* 728 S.W.2d 375, 380 (Tex.Crim.App.1987). Hammons testified he saw Johnson run a stop sign and weave "almost ditch to ditch" along the road. These observations were enough for a temporary investigative detention. Upon pulling Johnson over, Hammons testified that Johnson would not comply with his request to step out of the truck, and when finally out, Johnson had difficulty standing and

1. We note the Court of Criminal Appeals has overruled the pretext stop doctrine in the *Garcia* decision. *See Garcia,* 827 S.W.2d at 944.

smelled of alcohol. Johnson told Hammons that he had been drinking. These observations provided Hammons and the assisting officer with probable cause to arrest Johnson for driving while intoxicated.

Johnson's sole point of error is overruled. The judgment of the trial court revoking Johnson's probation is affirmed.