Nos. 04-99-00915-CR & 04-99-00916-CR


Gabriel GARCIA,


Appellant



v.



The STATE of Texas,


Appellee



From the County Court at Law, Guadalupe County, Texas


Trial Court No. CCL-99-466 & CCL-99-467


Honorable Linda Z. Jones, Judge Presiding



Opinion by: Paul W. Green, Justice


Sitting: Phil Hardberger, Chief Justice

 Alma L. López, Justice

 Paul W. Green, Justice


Delivered and Filed: October 25, 2000 

AFFIRMED

 Gabriel Garcia pled guilty and was convicted on charges of possession of marijuana
and unlawfully carrying a weapon. He appeals the convictions on the ground that the trial
court abused its discretion when it overruled his motion to suppress evidence. We find no
abuse of discretion and affirm the convictions.

 Garcia was driving his pickup truck at night within the city limits of Seguin, Texas,
when he encountered a police roadblock. Before reaching the roadblock, he slowed and
drove his truck onto the shoulder of the road and began to make a U-turn. However, when
he was signaled by Officer Seth Burgoon to proceed forward, he abandoned his turn and
complied with the officer's instructions. When Officer Burgoon approached the truck, Garcia
opened his driver's side window and Burgoon immediately smelled the odor of marijuana.
Burgoon told Garcia he smelled marijuana and asked if he could search the truck. Garcia
consented to the search, and volunteered that there was a "joint" and a bayonet in the vehicle.
Burgoon's search did indeed uncover a marijuana cigarette and a 15-inch bayonet.

 Garcia claims the search was illegal, making the evidence inadmissible, because the
roadblock was illegal and there were no articulable facts to support a stop independent of the
roadblock. We disagree. The facts justify Garcia's detention regardless of whether the
roadblock was illegal.

 Officer Burgoon testified he believed Garcia was trying to avoid the roadblock when
he slowed his truck and began to turn away. This is reasonably suspicious activity that
permitted the officer to detain Garcia. See Johnson v. State, 833 S.W.2d 320, 321 (Tex.
App.-Fort Worth 1992, pet. ref'd) (holding that even if roadblock is illegal, officers may use
evidence concerning a motorist's reaction to the roadblock to justify a detention). Once
Garcia was legally detained, the search of the vehicle pursuant to Garcia's consent was also
legal.

 The convictions are affirmed.

 Paul W. Green

 Justice

DO NOT PUBLISH