**Enrique TORRES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 14–94–01039–CR to 14–94–01041–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 31, 1996.

Frank Aguilar, Houston, for appellant.

Andrew Jay Cozby, Houston, for appellee.

Before MURPHY, C.J., and ANDERSON and O'NEILL, JJ.

## OPINION

MURPHY, Chief Justice.

This appeal arises from a conviction for aggravated sexual assault, aggravated robbery, and auto theft. After the trial court denied appellant's motion to suppress, he pleaded guilty to all three offenses. The court sentenced him to ten years confinement in the Institutional Division of the Texas Department of Criminal Justice for the theft, and forty years confinement for the other two offenses. Appellant contends in a single point of error that his motion to suppress evidence should have been granted, a contention that hinges on his claim of an invalid arrest. He argues that because the State failed to present a warrant at the hearing on his motion to suppress, the trial court erred in denying the motion. We affirm.

While investigating the offenses in this case, officers found witnesses who identified appellant as a suspect. After determining appellant's address, the officers conducted a computer check, which revealed an open war-

rant for a prior offense. Based on this warrant, the detectives arrested appellant at his home. During a search incident to his arrest, officers discovered evidence linking appellant to the crimes under investigation. Appellant then voluntarily led officers to further evidence, and later he offered a full confession.

At the hearing on appellant's motion to suppress the evidence obtained from the search incident to his arrest, the State did not produce the warrant. Instead, the State offered testimony and presented the motion to adjudicate upon which the arrest was based. The witnesses who testified as to the existence of, and basis for, the arrest warrant included the arresting officers, the custodian of records at the Sheriff Department's division of warrants, the district court clerk, and the probation officer who presented the motion to adjudicate to the court.

Appellant's sole point of error alleges the trial court erred in denying his motion to suppress evidence because the State failed to produce the warrant or probable cause affidavit at the hearing on the motion to suppress. Appellant contends the failure to produce the warrant and affidavit rendered his arrest illegal and required the suppression of all evidence tainted by that illegality.

As a general rule, when the State justifies an arrest on the basis of an arrest warrant, it must produce the warrant and supporting affidavit at the hearing on the motion to suppress. *Miller v. State*, 736 S.W.2d 643, 648 (Tex.Crim.App.1987). "This requirement is imposed so that the trial court may inspect the documents and determine whether probable cause existed and ensure that the arrestee's rights have been fully protected." *Garrett v. State*, 791 S.W.2d 137, 140 (Tex.Crim. App.1990). However, the requirements of *Miller* may be met without actual presentation of the warrant, as long as "the trial court had adequate opportunity to determine whether probable cause existed for Appellant's arrest." *Id.*; *Etheridge v. State*, 903 S.W.2d 1, 19 (Tex.Crim.App.1994), *cert. denied*, —— U.S. ——, 116 S.Ct. 314, 133 L.Ed.2d 217 (1995). In *Garrett*, the Court of Criminal Appeals held that a parole officer's testimony was sufficient to establish the "reasonable belief" required to support a parole violator's arrest warrant, even though no affidavit or other supporting documentation was introduced at the motion to suppress hearing. *Garrett*, 791 S.W.2d at 140–41. In *Etheridge*, the Court held that testimony from the issuing magistrate supported a finding of probable cause for a standard arrest warrant, even when the warrant was not introduced at the suppression hearing. *Etheridge*, 903 S.W.2d at 18–19.

In this case, the officers relied upon a capias issued by the district court based on a motion to adjudicate. The State did not present the original capias executed by the officers at the motion to suppress. However, the Motion to Adjudicate—which forms the basis for the capias—is in the record before us, and testimony at the hearing established the existence of the capias and the grounds for its issuance. The district court clerk testified that the Motion to Adjudicate was an official document from the Clerk's file and that, based on the motion, the district court had issued a capias prior to appellant's arrest (although the original capias had been misplaced). The arresting officers testified they verified a felony warrant existed prior to appellant's arrest through the Harris County Justice Information Management System (JIMS) computer system. The custodian of records at the Harris County Sheriff Department's warrant division testified that the capias was issued and returned. The court liaison for the probation office testified that she filed the Motion to Adjudicate, which had been forwarded to her by a Technical Field Officer after Appellant failed to appear for a program required as a condition of his probation. The State presented the Motion to Adjudicate, signed by the district attorney, the probation officer, and the granting judge, into the record at the hearing.

This testimony and evidence presented to the trial court provided ample opportunity to evaluate the probable cause for appellant's arrest, and appellant had the right to cross-examine witnesses and object to evidence. *Etheridge*, 903 S.W.2d at 19. At a suppression hearing, the trial judge may believe or disbelieve all or any part of a witness' testimony. *Cantu v. State*, 817 S.W.2d 74, 77

(Tex.Crim.App.1991). Absent an abuse of discretion, we will not disturb the trial court's findings on appeal. *Id.* Although the misplaced capias was not in the record, "[t]he trial court was given the opportunity to determine whether the [capias] was supported by [probable cause], and appellant's rights were protected." *Garrett,* 791 S.W.2d at 141. The trial court did not abuse its discretion in denying appellant's motion to suppress. We deny appellant's sole point of error, and affirm the judgment of the court below.