Edwin Abadoo MYLES, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 14–94–00543–CR, 14–94–00663–CR.

Court of Appeals of Texas, Houston (14th Dist.).

June 5, 1997.

Rehearing Overruled June 5, 1997.

Gerald Fry, Houston, for appellant.

Michael R. Little, Steve Green, Anahuac, for appellee in No. 14–94–00543–CR.

Michael R. Little, Anahuac, for appellee in No. 14–94–00663–CR.

Before MURPHY, C.J., and ANDERSON and HUDSON, JJ.

**CORRECTED OPINION**

ANDERSON, Justice.

We withdraw the opinion issued October 31, 1996 in this consolidated appeal and substitute the following opinion in its place.

In two causes consolidated for trial, appellant entered a plea of not guilty to the offense of aggravated possession of a controlled substance, TEX. HEALTH & SAFETY CODE ANN. § 481.115(d) (Vernon 1992),[1] and to the offense of failure to pay a controlled substance tax. TEX. TAX CODE ANN. § 159.201 (Vernon 1992). A jury found appellant guilty of both charges, and assessed punishment for the possession offense at thirty-five years confinement in the Institutional Division of the Texas Department of Criminal Justice, and a $20,000 fine. For the failure to pay a controlled substance tax, the jury assessed punishment at ten years confinement probated for ten years, and a fine of $5,000. In six points of error, appellant alleges the trial court erred in overruling his motion to suppress evidence and his motion for a directed verdict, and entering a conviction on both offenses. We affirm.

Two Texas Department of Public Safety (DPS) troopers stopped appellant after observing his vehicle cross the inside shoulder stripe a few feet from the median on Interstate 10. After receiving information that appellant faced three outstanding traffic warrants, the troopers arrested appellant and conducted an inventory search of his rented vehicle. The interior search of the car revealed a can of Fix–a–Flat, the Club, an anti-theft device, and two marijuana cigarettes in a storage pocket on the driver's side door which prompted the troopers to conduct a more thorough search of the car. In the trunk the troopers discovered ten cellophane bags of cocaine hidden inside the spare tire.

The troopers issued appellant a citation, warning him for failing to drive in a single marked lane, and charging him with possession of a controlled substance and failure to pay a controlled substance tax.

In points one, two, three, and five, appellant asserts the trial court erred in overruling a motion to suppress evidence of the cocaine.[2] The trial judge is the sole and exclusive trier of fact and judge of the credibility of the witnesses and the weight of the evidence to be given their testimony at a hearing on a motion to suppress evidence. *DuBose v. State,* 915 S.W.2d 493, 496 (Tex. Crim.App.1996). The trial judge is also the initial arbiter of the legal significance of those facts. *Id.* Therefore, if the record supports the trial court's findings, an appellate court is not at liberty to disturb them, and on appellate review, the appellate court addresses only whether the trial court properly applied the law to the facts. *Penry v. State,* 903 S.W.2d 715, 744 (Tex.Crim.App.), *cert. denied,* —— U.S. ——, 116 S.Ct. 480, 133 L.Ed.2d 408 (1995); *Romero v. State,* 800 S.W.2d 539, 543 (Tex.Crim.App.1990). Moreover, an appellate court will not reverse the trial court's decision on the admissibility of the evidence unless the trial judge clearly abused his discretion. *Romero,* 800 S.W.2d at 543.

In his first point of error, appellant asserts the troopers seized the cocaine as the result of an illegal stop. Appellant contends the stop was illegal because the troopers did not observe all the elements of the traffic violation which he allegedly committed, namely, the failure to drive in a single marked lane. The revised civil statutes require a driver of a vehicle to drive entirely within a single lane as nearly as practical, and not to move from such lane until he has first ascertained that

---

1. The crime for which appellant was convicted was committed before September 1, 1994, the effective date of the revised health and safety code. *See* Acts 1993, 73rd Leg., Ch. 900, § 2.02. Therefore, all references to the health and safety code are to the code in effect at the time the crime was committed.

2. Appellant's brief fails to specify whether the State allegedly violated the protections afforded by the state or federal constitutions, and to present any argument to distinguish between the level of protection provided by the state or federal constitutions. *See Heitman v. State,* 815 S.W.2d 681, 690 (Tex.Crim.App.1991). Therefore, we need not determine whether the state constitutional protections are more expansive than those afforded by the federal constitution. *See Muniz v. State,* 852 S.W.2d 520, 521 (Tex. Crim.App.1993); *Santikos v. State,* 836 S.W.2d 631, 632 n. 1 (Tex.Crim.App.), *cert. denied,* 506 U.S. 999, 113 S.Ct. 600, 121 L.Ed.2d 537 (1992).

such movement can be made with safety. TEX.REV.CIV. STAT. ANN. art. 6701d, § 60(a) (Vernon 1977).[3]

▪ Appellant does not dispute that he crossed the inside yellow line as the troopers alleged, but contends the troopers failed to ascertain whether appellant's movement into another lane could be made with safety. Any peace officer may arrest without warrant any person found committing a violation of any provision of Article 6701d of the Texas Revised Civil Statutes. TEX.REV.CIV. STAT. ANN. art. 6701d, § 153 (Vernon 1977).[4] An officer need not observe all the elements of an offense, but merely reasonably believe that an offense is occurring in order to make an arrest. *Dempsey v. State,* 857 S.W.2d 759, 761 (Tex.App.—Houston [14th Dist.] 1993, no pet.).

▪ A routine traffic stop does not normally constitute a custodial arrest, but a temporary investigative detention. *Id.* (citing *Berkemer v. McCarty,* 468 U.S. 420, 439, 104 S.Ct. 3138, 3149–50, 82 L.Ed.2d 317 (1984)). An investigative detention must be founded on a reasonable, articulable suspicion that the person detained is connected with criminal activity, whereas an arrest must be supported by probable cause to believe that the person has committed or is committing an offense. *Amores v. State,* 816 S.W.2d 407, 411 (Tex.Crim.App.1991). An investigative detention or stop is therefore a lesser intrusion on a person's freedom. *Id.* Based on one of the trooper's testimony, we find that the trooper had probable cause to arrest appellant for violating Section 60(a) of Article 6701d. Accordingly, the trooper also had sufficient justification for the less intrusive stop of appellant for a minor traffic offense. *See Valencia v. State,* 820 S.W.2d 397, 400 (Tex.App.—Houston [14th Dist.] 1991, pet. ref'd). The trial court did not abuse its discretion in denying appellant's motion to suppress evidence of the cocaine because the stop, in this case, was lawful. Appellant's first point of error is overruled.

▪ In his second point of error, appellant maintains the troopers exceeded the scope of the inventory search of his vehicle when they discovered the marijuana in the rented vehicle. Appellant offers no authority for this proposition. Therefore, he did not adequately brief this point of error. *Garcia v. State,* 887 S.W.2d 862, 873 (Tex.Crim.App.1994), *cert. denied,* 514 U.S. 1021, 115 S.Ct. 1368, 131 L.Ed.2d 223 (1995). When a party raises a point of error without citation of authority or argument, nothing is presented for appellate review. *State v. Gonzalez,* 855 S.W.2d 692, 697 (Tex.Crim.App.1993). Appellant's second point of error is overruled.

In his third point of error, appellant challenges the validity of the warrantless search of the trunk of the rented vehicle. Appellant contends because the tire in which the troopers found the cocaine was a moveable container, the troopers were required to obtain a search warrant before opening it. Having failed to obtain a warrant, appellant maintains, the troopers conducted an illegal search, the fruit of which was the cocaine.

▪ The record reflects that the troopers discovered marijuana in the interior of appellant's vehicle during a routine inventory search pursuant to appellant's arrest and impoundment of his vehicle. The discovery of the marijuana provided the troopers with probable cause to conduct a more thorough search of the vehicle because they were conducting a search of the vehicle incident to a custodial arrest. "If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search." *United States v. Ross,* 456 U.S. 798, 825, 102 S.Ct. 2157, 2173, 72 L.Ed.2d 572 (1982); *accord Osban v. State,* 726 S.W.2d 107, 111 (Tex.Crim.App.1986), *overruled by Heitman v. State,* 815 S.W.2d 681 (Tex.Crim.App.1991) (finding that the Texas Constitution affords greater protection

---

**3.** Act of June 18, 1947, 50th Leg., R.S., ch. 421, 1947 Tex. Gen. Laws 967, *repealed by* Act of April 21, 1995, 74th Leg., R.S., ch. 165, § 24(a), 1995 Tex. Gen. Laws 1870 (current version at TEX. TRANSP. CODE ANN. § 545.060 (Vernon 1996)).

**4.** See n. 3. Current version at TEX. TRANSP. CODE ANN. § 543.001 (Vernon 1996).

than the federal constitution).[5] We have seen however, that appellant failed to distinguish in his brief between the levels of protection afforded by the Texas and federal constitutions (see n. 2 above). Therefore, the trial court did not abuse its discretion in denying appellant's motion to suppress the cocaine because the warrantless search of the spare tire in the trunk of appellant's rental vehicle was lawful. Appellant's third point of error is overruled.

 In his fifth point of error, appellant contends the trial court erred in denying his motion to suppress because the warrants upon which the officers arrested him were invalid, thus making his arrest illegal. The movant in a motion to suppress alleging lack of probable cause to arrest must initially produce evidence that a warrantless arrest or seizure occurred. *Russell v. State*, 717 S.W.2d 7, 9 (Tex.Crim.App.1986); *Hahn v. State*, 852 S.W.2d 627, 628 (Tex.App.—Houston [14th Dist.] 1993, pet. ref'd). The burden then shifts to the State to show that a warrant existed. *Russell*, 717 S.W.2d at 9. If the State produces evidence that a warrant existed, the burden shifts back to the defendant to show the invalidity of the arrest or seizure. *Id.* If the State cannot prove the existence of a warrant, it must prove the reasonableness of the arrest or seizure. *Id.* at 10.

 To justify an arrest on the basis of an arrest warrant issued by a magistrate, the State must produce and exhibit the warrant and the affidavit to the trial court for a determination of its sufficiency. *Moreno v. State*, 858 S.W.2d 453, 461 (Tex.Crim.App.), *cert. denied*, 510 U.S. 966, 114 S.Ct. 445, 126 L.Ed.2d 378 (1993); *Garrett v. State*, 791 S.W.2d 137, 140 (Tex.Crim.App.1990); *Miller v. State*, 736 S.W.2d 643, 648 (Tex.Crim.App. 1987); *Gant v. State*, 649 S.W.2d 30, 33 (Tex. Crim.App.), *cert. denied*, 464 U.S. 836, 104 S.Ct. 122, 78 L.Ed.2d 120 (1983). The warrant and affidavit production and exhibition requirements are imposed so that the trial court may inspect the documents and determine whether probable cause existed, and ensure that the arrestee's rights have been

fully protected. *Garrett*, 791 S.W.2d at 140. However, if the probable cause affidavit and the arrest warrant are not available, the testimony of the affiant who signed the probable cause affidavit and the testimony of the magistrate who issued the warrant may be admissible to show the existence and sufficiency of the warrant, provided the defendant is given the opportunity to cross-examine these witnesses as to the validity of the warrant and the affidavit, and to offer evidence contradicting the existence and sufficiency of the warrant and the affidavit. *Etheridge v. State*, 903 S.W.2d 1, 19 (Tex.Crim. App.1994), *cert. denied*, —— U.S. ——, 116 S.Ct. 314, 133 L.Ed.2d 217 (1995); *Garrett*, 791 S.W.2d at 141. *Cf. Hanie v. State*, 151 Tex.Crim. 395, 208 S.W.2d 373, 375 (Tex. Crim.App.1948) (permitting oral testimony of contents of a confession where the original document could not be found).

 In this case, Leon County Justice of the Peace Dorothy Farmer testified that she issued three arrest warrants on the basis of probable cause affidavits filed by the DPS officer who initially ticketed appellant for three traffic offenses that occurred in Leon County. She recalled the court's usual procedure of informing the DPS office when a party failed to appear in court on traffic offenses, the officer's completion of a fill-in-the-blank probable cause affidavit, followed by the issuance of a fill-in-the-blank warrant. Justice Farmer further stated that her records indicate that the warrants and probable cause affidavits in this case were on file in Leon County when the DPS troopers arrested appellant, but shortly thereafter, her office destroyed the warrants and affidavits because appellant's traffic fines were paid. Consequently, the State was unable to produce the original warrants or affidavits at the suppression hearing. In lieu of the original documents, the State produced reconstructed documents on standardized forms.

The officer who issued the original traffic tickets testified that he recalled completing and filing affidavits of probable cause with

---

5. The holding in *Osban*, that finding contraband in the passenger compartment of an automobile pursuant to a valid custodial arrest of persons in

the automobile provided probable cause to search the trunk, was not disturbed by *Heitman*.

the justice court in this particular case because appellant's middle name was so unusual. He further stated that the affidavits alleged probable cause for the arrest warrant to issue based on the traffic offenses appellant committed and the tickets issued, and on appellant's failure to appear before the justice court on those tickets. Based on this testimony, the State met its burden to prove the existence and sufficiency of the warrants.

Appellant, however, failed to meet his burden to show the invalidity of the arrest. The record reflects that appellant objected to the introduction of the reconstructed forms, cross-examined the judge and the officer regarding the preparation and filing of the affidavits and warrants, but did not offer evidence to contradict their testimony. Without more, the trial court did not err in denying appellant's motion to suppress evidence of the cocaine based on the invalidity of the arrest warrant. Appellant's fifth point of error is overruled.[6]

■ In his fourth point of error, appellant contends the trial court erred in overruling his motion for an instructed verdict because as sole occupant of the vehicle, the evidence was insufficient to support the conviction for possession of cocaine. A challenge to a trial court's denial of a motion for an instructed verdict is actually a challenge to the sufficiency of the evidence to support the conviction. *Cook v. State,* 858 S.W.2d 467, 470 (Tex.Crim.App.1993). When reviewing the sufficiency of the evidence, this Court views all the evidence in the light most favorable to the judgment. *Garrett v. State,* 851 S.W.2d 853, 857 (Tex.Crim.App.1993); *Houston v. State,* 663 S.W.2d 455, 456 (Tex.Crim.App.1984). We must decide whether any

rational trier of fact could have found from the evidence every element of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979); *Ransom v. State,* 789 S.W.2d 572, 577 (Tex.Crim.App. 1989), *cert. denied,* 497 U.S. 1010, 110 S.Ct. 3255, 111 L.Ed.2d 765 (1990); *Soto v. State,* 864 S.W.2d 687, 691 (Tex.App.—Houston [14th Dist.] 1993, pet. ref'd).[7] This standard of review applies equally to cases involving direct as well as circumstantial evidence. *Chambers v. State,* 711 S.W.2d 240, 245 (Tex. Crim.App.1986). We are not to reevaluate the weight and credibility of the evidence, but act only to ensure that the jury reached a rational decision. *Muniz v. State,* 851 S.W.2d 238, 246 (Tex.Crim.App.), *cert. denied,* 510 U.S. 837, 114 S.Ct. 116, 126 L.Ed.2d 82 (1993); *Moreno v. State,* 755 S.W.2d 866, 867 (Tex.Crim.App.1988); *Koehl v. State,* 857 S.W.2d 762, 763 (Tex.App.—Houston [14th Dist.] 1993, pet. ref'd).

■ To establish the unlawful possession of a controlled substance, the State must prove beyond a reasonable doubt that the accused exercised care, control, and management over the substance, and that the accused knew the matter he possessed was contraband. *Martin v. State,* 753 S.W.2d 384, 387 (Tex.Crim.App.1988); *Rhyne v. State,* 620 S.W.2d 599, 601 (Tex.Crim.App. 1981); *Edwards v. State,* 807 S.W.2d 338, 339 (Tex.App.—Houston [14th Dist.] 1991, pet. ref'd). Absent direct evidence of the accused's exclusive possession of a controlled substance, possession may be proved by circumstantial evidence. *Foster v. State,* 635 S.W.2d 710, 719 (Tex.Crim.App.1982). Mere presence at the place where the contraband

6. Our holding on appellant's fifth point of error is in accord with an opinion from this court issued contemporaneously with the original opinion in this cause on October 31, 1996. *See Enrique Torres v. State,* 933 S.W.2d 339 (Tex. App-Hous.[14th Dist.]). In *Torres,* as here, appellant filed a motion to suppress evidence, it was denied, and on appeal appellant argued that because the State failed to present a warrant at the suppression hearing, the trial court erred in overruling his motion. We there held, as here, that the testimony presented to the trial court provided ample opportunity to evaluate the probable cause for appellant's arrest, and that in such

circumstances, under the holding in *Etheridge,* the warrant need not be produced.

7. We note that the Texas Court of Criminal Appeals recently held that the intermediate courts of appeals have the authority to review the factual sufficiency as well as the legal sufficiency of the evidence. *Clewis v. State,* 922 S.W.2d 126, 129 (Tex.Crim.App.1996). However, appellant has not requested that we review the factual sufficiency of the evidence. Thus, we limit our review of the sufficiency of the evidence to the standards enunciated in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

is found is not sufficient for the trier of fact to conclude that the accused had knowledge of and control over the contraband unless the State shows additional independent facts and circumstances which affirmatively link the accused to the contraband. *McGoldrick v. State,* 682 S.W.2d 573, 578 (Tex.Crim.App. 1985); *Deshong v. State,* 625 S.W.2d 327, 329 (Tex.Crim.App.1981); *Cannon v. State,* 807 S.W.2d 631, 634 (Tex.App.—Houston [14th Dist.] 1991, no pet.); *Hill v. State,* 755 S.W.2d 197, 200–01 (Tex.App.—Houston [14th Dist.] 1988, pet. ref'd).

Such affirmative links customarily emerge from the combining of several factors and the logical force they have within this combination. *Whitworth v. State,* 808 S.W.2d 566, 569 (Tex.App.—Austin 1991, pet. ref'd) (enumerating factors identified by the court of criminal appeals as tending to establish the essential elements of the offense). The number of factors present is of less importance that the logical force the factors have, alone or in combination, establishing the elements of the offense. *Foster v. State,* 814 S.W.2d 874, 882 (Tex.App.—Beaumont 1991, pet. ref'd). Each case must be reviewed on its own facts for evidence of sufficient affirmative links in a particular case. *Humason v. State,* 728 S.W.2d 363, 367, n. 12 (Tex.Crim. App.1987).

▇ The record in this case reflects the following affirmative links: Appellant alone rented the vehicle. He was the driver and sole occupant of the vehicle at the time of the initial stop. The vehicle contained fairly new factory equipment, including the spare tire, which had been checked by the rental company before the rental and revealed no problems. In the trunk, the troopers found a spare tire that did not fit the axles of the car and that had a fresh film of paint sprayed on the wheel with overspray on the rubber tire. Inside the tire, the troopers found a sizeable amount of cocaine. In the interior of the car, the officers found a can of Fix–a–Flat and the Club, and two marijuana cigarettes. Inside appellant's travel bag, which was also in the trunk, the officers found a note outlining a route to Louisville, Kentucky that contradicted his statement that he was on his way to New Orleans to visit a girlfriend whose location was unknown.

Viewing the evidence in the light most favorable to the verdict, we find a rational jury could conclude from this evidence that appellant was aware that the spare tire had been replaced with one containing a sizeable amount of cocaine concealed within the air space inside the tire. They also might conclude, based on the presence of the anti-theft device and the tire repair cannister, that appellant feared having a flat tire or his vehicle stolen because of the large quantity of drugs in the trunk of the car, and that New Orleans was one of many stops along the drug route to Louisville. The logical force of these factors affirmatively link appellant to the cocaine in the trunk, and establish that a rational jury could conclude that appellant had the requisite knowledge and control over the contraband to sustain a conviction for possession of a controlled substance. The trial court did not err in overruling appellant's motion for an instructed verdict. Appellant's fourth point of error is overruled.

▇ In his sixth point of error, appellant contends his conviction for aggravated possession of a controlled substance is barred by the Double Jeopardy Clause within the Fifth Amendment of the United States Constitution because the trial court also convicted him of failure to pay a controlled substance tax. A punitive drug tax imposed *after* the conviction and assessment of punishment for drug possession is a second punishment, violative of the Double Jeopardy Clause. *Department of Revenue of Montana v. Kurth Ranch,* 511 U.S. 767, 783–84, 114 S.Ct. 1937, 1948, 128 L.Ed.2d 767 (1994). Likewise, a *subsequent* prosecution for possession of a controlled substance after the assessment and collection of a tax on the controlled substance is barred by the Double Jeopardy Clause. *Stennett v. State,* 905 S.W.2d 612, 615 (Tex.App.—Houston [14th Dist.] 1995), *aff'd,* 941 S.W.2d 914 (Tex.Crim. App.1996) (not released for publication).

▇ Nevertheless, appellant's prosecution for possession of a controlled substance is not barred by the Double Jeopardy Clause. Unlike *Kurth Ranch* and *Stennett,* the State, in this case, indicted appellant for both of-

fenses on the same day, and prosecuted him for both offenses in the same trial. Consequently, there was *no successive criminal prosecution* that placed appellant in jeopardy a second time for the same offense.

The judgment of the court below is affirmed.