Jennifer Jean DORSEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–96–01028–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 5, 1998.

Discretionary Review Refused
June 17, 1998.

Charles Hinton, Houston, for appellant.

Elaine Roch, Houston, for appellee.

Before ROBERTSON, SEARS and JOE L. DRAUGHN,[1] JJ.

## OPINION

JOE L. DRAUGHN, Justice (Sitting by Assignment).

Jennifer Jean Dorsey [Dorsey] appeals her conviction for murder. After the jury found her guilty, it sentenced her to thirty years confinement in the Texas Department of Criminal Justice. In her sole point of error, Dorsey argues the trial court erred in admitting her in-custody statement because it was tainted by her illegal arrest. We affirm.

Dorsey lived together with several family members including Dorsey's daughter Andrea and Andrea's boyfriend Kelvin. On the day of the murder, several members of the household spent the day drinking beer and playing cards. Eventually, an argument occurred involving Dorsey and Kelvin. Ulti-mately, Dorsey stabbed Kelvin with a kitchen knife, fatally injuring him. Immediately after stabbing Kelvin, Dorsey ran out the backdoor into the woods. After eight days Dorsey walked into a Houston police station and turned herself into the police.

Dorsey told Officer Robert King [King], the officer handling her case, that she wanted to tell her side of the story. Before talking with her, however, King read Dorsey her *Miranda* warnings. King then had Dorsey transported downtown where a magistrate also read Dorsey the required legal warnings. Each time Dorsey indicated she understood her rights.

In a written pretrial motion to suppress, Dorsey claimed any oral or written statement made as a result of custodial interrogation should be suppressed because the State failed to produce her arrest warrant. At a pretrial hearing on the motion to suppress, Officer King testified Dorsey surrendered herself to the police stating she told him she wanted to tell her side of the story. King testified she was repeatedly administered her legal warnings, was taken before a magistrate to have her warnings administered and acknowledged that she understood the meaning of the warnings each time. Dorsey argued her arrested was tainted because it was not supported by an arrest warrant which was the State's burden to produce. Dorsey further argued the State was put on notice by Dorsey's family that they were going to hire an attorney and therefore should have ceased and desisted in any questioning of her until an attorney was present.

The State argued Dorsey's arrest was valid. They noted Dorsey and her family were aware a warrant had been issued for her arrest. Furthermore, because Dorsey turned herself in, there was no need to present her arrest warrant although they offered to get a copy later. The judge allowed the complaint, containing facts establishing probable cause for Dorsey's arrest, to be admitted into evidence instead of the warrant. The court specifically noted it would consider the complaint's probable cause wording the same as that in the warrant unless otherwise

---

1. Panel sitting by assignment.

notified as to differences between the two documents. The court thereafter denied Dorsey's motion to suppress the in-custody statement.

In 1996 the Texas Court of Criminal Appeals described the standard of review applicable to the denial of a motion to suppress evidence. *See DuBose v. State,* 915 S.W.2d 493, 496 (Tex.Crim.App.1996). In *DuBose*the court stated that a court of appeals analyzing a trial court's denial of a motion to suppress evidence must be deferential to the trial court's judgment. This deference extends not only to the historical facts, but also as to the legal conclusions to be drawn from the historical facts—at least, so long as it appears the trial court has applied the correct standard of law to those historical facts. *See id.* at 497–98. The appellate court should reverse the trial court's decision only for an abuse of discretion. Such abuse occurs when the trial court has applied an erroneous legal standard, or when no reasonable view of the record could support the trial court's conclusion under the correct law and the facts, viewed in the light most favorable to its legal conclusion. *See id.*

■ The Court of Criminal Appeals has now expressly overruled *DuBose. See Guzman v. State,* 955 S.W.2d 85 (Tex.Cr.App. 1997). In *Guzman*the court held that courts of appeals should afford almost total deference to a trial court's determination of the historical facts supported by the record. *See id.,* 955 S.W.2d at 95–96. Furthermore, the court of appeals should afford the same amount of deference to trial court's rulings on application of law to fact questions, referred to as mixed questions of law and fact, if the resolution of those ultimate questions turns on an evaluation of credibility and demeanor. *See id.* However, de novo review of these mixed questions of law and fact may be applied where the resolution thereof is not restricted to an evaluation of credibility and demeanor. *See id.*

■ Dorsey contends the failure to produce the warrant rendered her arrest illegal and required the suppression of her statement. The purpose of the Fourth Amendment and resulting exclusionary rule is to protect individuals from unreasonable searches and seizures by government officials. *See Johnson v. State,* 833 S.W.2d 320, 321 (Tex.App.—Fort Worth 1992, pet. ref'd). The exclusionary rule deters police activity which no officer, while committing the activity, could reasonably believe to be lawful. *See Brent v. State,* 916 S.W.2d 34, 38 (Tex. App.—Houston [1st Dist.] 1995, pet. ref'd)(citing *Jimenez v. State,* 838 S.W.2d 661, 665 (Tex.App.—Houston [1 st Dist.] 1992, no pet.). However, when an individual voluntarily exposes himself to arrest, the arrest is reasonable and does not violate the Fourth Amendment. *See e.g. Cornealius v. State,* 900 S.W.2d 731, 734 (Tex.Crim.App.1995)(holding man standing on front porch of home who voluntarily identifies himself to police and is later arrested does not violate Texas or United States Constitution).

■ Dorsey voluntarily surrendered herself to Officer King at the police station. She voluntarily made a written confession, advising Officer King she wanted to tell her side of the story. Dorsey intentionally and knowingly placed herself in police custody, with the knowledge there was a warrant outstanding for her arrest. Because Dorsey voluntarily surrendered herself to the authorities, no unreasonable or inappropriate police conduct occurred by virtue of her subsequent arrest. The policy behind the exclusionary rule, to deter unlawful police conduct, is not implicated here. Even if no arrest warrant had been procured, Officer King's conduct in arresting Dorsey after she surrendered and in taking her statement does not violate the Fourth Amendment. Therefore, denial of Dorsey's motion to suppress her written statement was valid.

■ Even if a warrant was required to validly arrest Dorsey, the State's failure to produce the warrant at the suppression hearing does not mandate the suppression of her written statement. The State normally must justify an arrest on the basis of an arrest warrant by producing the warrant and supporting affidavit at the hearing on the motion to suppress. *See Miller v. State,* 736 S.W.2d 643, 648 (Tex.Crim.App.1987). However, where the trial court had ample opportunity

to evaluate probable cause for arrest, the trial court does not abuse its discretion in denying appellant's motion to suppress. *See Etheridge v. State*, 903 S.W.2d 1, 19 (Tex. Crim.App.1994); *Myles v. State*, 946 S.W.2d 630, 636 (Tex.App.—Houston [14th Dist.] 1997, no pet.); *Torres v. State*, 933 S.W.2d 339, 340–41 (Tex.App.—Houston [14th Dist.] 1996, no pet.). The rule requiring the State to produce the arrest warrant was originally imposed to protect arrestee's rights by forcing the trial court to inspect documents and determine whether probable cause existed. *See Torres*, 933 S.W.2d at 340 (citing *Garrett v. State*, 791 S.W.2d 137, 140 (Tex.Crim.App. 1990)). However, where probable cause is otherwise established through evidence and testimony, the arrestee's rights are still protected. *See Garrett*, 791 S.W.2d at 141 (footnote omitted).

In *Etheridge*, the court held testimony from the issuing magistrate demonstrated sufficient probable cause to justify an arrest even where an arrest warrant was not admitted into evidence at the suppression hearing. *See Etheridge*, 903 S.W.2d at 18–19. In *Torres*, the trial court admitted into evidence a Motion to Adjudicate and the testimony of several clerks and officers stating a capias was issued for the defendant and the underlying facts supporting the capias but not the capias itself. *See Torres*, 933 S.W.2d at 340. This court held the testimony and Motion to Adjudicate were sufficient to show probable cause justifying denial of the defendant's motion to suppress even without the capias before the court. *See id* at 340–41. This court also held in *Myles* the testimony of the arresting officer at a motion to suppress hearing stating he filed affidavits of probable cause along with the testimony of the Justice issuing the arrest warrant was adequate to show probable cause even without the actual warrant in evidence. *See Myles*, 946 S.W.2d at 633.

In the present situation, Officer King testified at the motion to suppress hearing a warrant had been issued for Dorsey's arrest. He stated the family was aware of the warrant prior to Dorsey turning herself into the police. Furthermore, the judge examined the complaint containing a short narrative of the events surrounding the death of Kelvin. The complaint contains facts based on the affidavit of Officer King stating probable cause for Dorsey's arrest and subsequent charge. Dorsey also had the opportunity to cross-exam Officer King at the suppression hearing. Therefore, this complaint along with the testimony of Officer King was sufficient proof of probable cause to deny Dorsey's motion to suppress her statement. To constitutionally require more under these circumstances would rigidly elevate technical form over substance.

▆▆▆ Although Dorsey does not bring a second point of error, she argues King's conduct in taking Dorsey's statement amounted to purposeful and flagrant misconduct. There is testimony stating Dorsey's family who accompanied her to the police station told Officer King they were in the process of obtaining an attorney for Dorsey. However, an accused's right against self-incrimination is personal to her and cannot be invoked or waived by anyone other than the accused. *See Dunn v. State*, 696 S.W.2d 561, 567 (Tex.Crim.App.1985); *State v. Garibay*, 838 S.W.2d 268, 271 (Tex.App.—El Paso 1992, no. pet.). Dorsey was given her warnings no less than three times. Each time she indicated she understood. Dorsey knowingly and voluntarily waived her right against self-incrimination. Therefore, we find no reversible error occurred in receiving her statement under these circumstances.

The judgment of the trial court is affirmed.