Affirmed and Memorandum Opinion filed August 3, 2004









Affirmed and Memorandum Opinion filed August 3, 2004.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00711-CR

____________

 

ANDREW LEE FREEMAN, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 9th
District Court

Waller County, Texas

Trial Court Cause No. 02-10-11,371


 



 

M E M O R A N D U M   O P I N I O N

Following the trial court=s denial of his
motion to suppress, appellant Andrew Freeman pleaded guilty to possession of a
controlled substance, methamphetamine, weighing four grams or more, but less
than 200 grams.  See Tex. Health & Safety Code Ann. '' 481.102(6),
.115(d) (Vernon 2003 & Supp. 2004). 
The trial court sentenced appellant to thirty years= confinement in
the Texas Department of Criminal JusticeCInstitutional
Division.[1]  We affirm.








FACTUAL AND PROCEDURAL BACKGROUND

On August 8, 2002, after receiving
information from a confidential informant and conducting a follow-up
investigation, police obtained and executed a warrant to search a residence at
an unspecified address, identified by location and description of the
premises.  The police found appellant at
the residence; they also found methamphetamine, marijuana, and a drug lab located
in a shed behind the house.

Appellant was indicted for possession of a
controlled substance and subsequently filed a motion to suppress, challenging
the search warrant on multiple grounds. 
Following a hearing on the motion to suppress, the trial court denied
appellant=s motion.

DISCUSSION

In a single point of error, appellant
contends the trial court erred in denying his motion to suppress evidence,
which was seized pursuant to a search warrant.[2]  He faults the warrant and the supporting
affidavit on a variety of grounds. 
Neither the warrant nor the affidavit are part of the appellate record.[3]








It is appellant=s responsibility
to ensure the search warrant and affidavit are included in the record on
appeal.  De La Garza v. State, 762
S.W.2d 899, 903 (Tex. App.CHouston [14th
Dist.] 1988, pet. ref=d); see also Rivera v. State, 730
S.W.2d 824, 825 (Tex. App.CHouston [14th
Dist.] 1987, pet. ref=d) (stating same and holding, because
appellant failed to have the search warrant and affidavit introduced into
evidence, he waived any challenge on appeal to sufficiency of the
warrant).  Because appellant failed to
include the search warrant or the affidavit in the record on appeal, nothing is
preserved for review.  De La Garza,
762 S.W.2d at 903. 

CONCLUSION

We overrule appellant=s single point of
error.  We affirm the judgment of the
trial court.

 

 

 

 

 

/s/      John S. Anderson

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed August 3, 2004.

Panel
consists of Justices Yates, Anderson, and Hudson.

Do
Not Publish C Tex.
R. App. P. 47.2(b).











[1]  Appellant was
sentenced as an habitual offender.  See
Tex. Pen. Code Ann. '' 12.33(a), .42(d) (Vernon 2003 & Supp. 2004).





[2]  Neither the
State nor appellant introduced the warrant and affidavit into evidence at the
suppression hearing.  If the State
intends to justify the search or arrest on the basis of a warrant, it is
incumbent on the State to produce the warrant and its supporting affidavit for
the inspection of the trial court.  Moreno
v. State, 858 S.W.2d 453, 461 (Tex. Crim. App. 1993).  In the present case, the officer who
requested the warrant testified, read from the warrant and the supporting
affidavit, and was available for cross-examination.  The officer=s
testimony satisfied the Moreno production requirement.  See Dorsey v. State, 964 S.W.2d 701,
704 (Tex. App.CHouston [14th Dist.] 1998, pet. ref=d); see also De La O v. State, 127 S.W.3d 799,
801 (Tex. App.CSan Antonio 2003, pet. filed) (discussing alternatives
to presentation of warrant and citing Dorsey, 964 S.W.2d at 704).





[3]  The State has
attached the search warrant and the return as an appendix to its brief.  An appellate court cannot consider documents
attached to briefs that do not appear in the appellate record.   Mitchison v. Houston Indep. Sch. Dist.,
803 S.W.2d 769, 771 (Tex. App.CHouston [14th Dist.] 1991, writ denied); see also
James v. State, 997 S.W.2d 898, 901 n.5 (Tex. App.CBeaumont 1999, no pet.) (stating same and citing Mitchison
in context of criminal case).