**Affirmed and Majority and Dissenting Opinions filed May 30, 2024.**



**In The**

# Fourteenth Court of Appeals

## NO. 14-22-00383-CR

**PATRICIA LYNN SWARTZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 405th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 20-CR-2075**

## M A J O R I T Y   O P I N I O N

A jury convicted appellant Patricia Lynn Swartz of the third-degree felony of possession of a controlled substance, penalty group one, in an amount of one gram or more but less than four grams. Texas Controlled Substances Act, Tex. Health & Safety Code § 481.115(c). Appellant pleaded true to two previous felony convictions for possession of a controlled substance, which enhanced her sentence. The jury assessed punishment at imprisonment for twelve years. Tex. Penal Code

§§ 12.33(a), .34(a), .42(a). The trial court signed a judgment of conviction consistent with the jury's verdict.

Appellant argues that the trial court erred by: (1) submitting an erroneous instruction to the jury; (2) overruling her best-evidence objection; (3) overruling her hearsay objection; and (4) even if such errors are harmless individually, their cumulative impact mandates reversal. We affirm.

**Background**

In 2020, Deputy Breann Boone was dispatched to a recreational-vehicle park with an all-night laundromat in San Leon because there were reports of a suspicious vehicle. On arrival, Deputy Boone found appellant and her companion sitting in their vehicle outside the laundromat. After approaching the vehicle, Deputy Boone requested dispatch to search for any warrants relating to appellant and her companion. Deputy Boone was told there was an active warrant for appellant's arrest for a previous burglary of the coin-operated machine at the laundromat where the vehicle was parked, as well as an out-of-state warrant from North Carolina.

During her search of appellant incident to arrest, Deputy Boone found methamphetamine hidden in appellant's bra. Appellant also had a bag of pills in her mouth, which she was attempting to hide and swallow. Various drug paraphernalia were found in the vehicle.

Appellant was indicted for intentionally possessing methamphetamine—a controlled substance—of more than one gram but less than four grams. At trial, appellant's counsel focused on the lack of justification for appellant's arrest. Counsel argued that the State never produced a valid warrant or affidavit demonstrating probable cause to arrest her. And without a valid warrant, none of

2

the drugs found on appellant's person were admissible.  Appellant elected to make her exclusionary argument to the jury instead of filing a motion to suppress.  *See Roberts v. State*, 545 S.W.2d 157, 158 (Tex. Crim. App. 1977) ("The defendant's counsel may either file a pretrial motion to suppress evidence or he may wait until the trial on the merits and object when the alleged unlawfully obtained evidence is offered."); *Johnson v. State*, 743 S.W.2d 307, 309-10 (Tex. App.—San Antonio 1987, pet. ref'd) ("Failure to file a pretrial motion does not waive a complaint of improperly obtained evidence.").  Although the judge provided instruction regarding improperly obtained evidence, the jury found appellant guilty.

Appellant timely appealed.

## Analysis

### A.  Jurisdiction

We first address our dissenting colleague's contention that we lack jurisdiction over this appeal.  According to the dissenting justice, there exists no final judgment because the trial court failed to pronounce sentence.  *See* Tex. Code Crim. Proc. art. 42.03, § 1(a) ("sentence shall be pronounced in the defendant's presence").

After the jury deliberated on punishment, the following transpired:

THE COURT:  Madam foreman, I understand the jury has reached a verdict in punishment.

THE FOREPERSON:  Yes, Your Honor.

THE COURT:  Please stand, Ms. Swartz.  This is Cause No. 20-CR-2075, The State of Texas v. Patricia Swartz.

The verdict in the enhancement paragraphs:

We, the jury, find the allegations in Enhancement Paragraph 1 to be true.

3

We, the jury, find the allegation in Enhancement Paragraph 2 to be true.

We, the jury, having found allegations in Enhancement Paragraph 1 and Enhancement Paragraph 2 are true, assess the defendant's punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a period of 12 years and assess a fine in the amount of zero. That's signed by the foreman.

Is this the verdict of each and every member of the jury?

(The jury as a whole responded "yes.")

THE COURT: Patricia Swartz, the jury, having found you guilty and found the allegations in Enhancement Paragraph 1 and Enhancement Paragraph 2 to be true, assess your punishment at 12 years in the Institutional Division of the Texas Department of Criminal Justice.

Do you have anything to say, ma'am, as to why sentence should not now be pronounced against you?

[Appellant's counsel]: No, Your Honor.

THE COURT: Having nothing further to say, it is the order of this Court that you be remanded to the custody of the Galveston County sheriff to be transported to the authorities of the Texas Department of Criminal Justice to obey and carry out the orders of this sentence.

The trial judge signed a judgment of conviction by jury the same day, which was consistent with the jury's verdict. The judgment states that appellant was convicted by a jury, that the punishment imposed is twelve years confinement, and that the sentence commences on April 27, 2022 (the date on which the events quoted above occurred). The judgment orders appellant "punished in accordance with the jury's verdict" and orders appellant's sentence executed.

We disagree with our colleague that the trial judge failed to pronounce appellant's sentence. No set formula is required. *Williams v. State*, No. 05-05-

4

00648-CR, 2005 WL 3163784, at *1 (Tex. App.—Dallas Nov. 29, 2005, no pet.) (mem. op., not designated for publication) (concluding trial court complied with article 42.03 when assessing punishment). At most, the present record can be construed as ambiguous. Even assuming that the judge's oral pronouncement is unclear, we are to construe the verdict, the oral pronouncement, and the judgment together to resolve the ambiguity. *E.g.*, *Cuellar v. State*, Nos. 07-20-00057-CR, 07-20-00058-CR; 2020 WL 5931048, at *3 (Tex. App.—Amarillo Oct. 6, 2020, no pet.) (mem. op., not designated for publication); *Morris v. State*, Nos. 07-12-00409-CR, 07-12-00410-CR, 2013 WL 1668222, at *1-2 (Tex. App.—Amarillo Apr. 16, 2013, pet. ref'd) (mem. op., not designated for publication); *Aguilar v. State*, 202 S.W.3d 840, 843 (Tex. App.—Waco 2006, pet. ref'd); *see also Mendez v. State*, Nos. 07-19-00028-CR, 07-19-00029-CR, 07-19-00030-CR, 2019 WL 6885026, at *2 (Tex. App.—Amarillo Dec. 17, 2019, no pet.) (mem. op., not designated for publication). We also consider the context of the court's utterances. *Cuellar*, 2020 WL 5931048, at *3; *Mendez*, 2019 WL 6885026, at *2. In addition to correctly stating in appellant's presence the punishment found by the jury, the court also asked appellant, as is required, whether she knew of any reason the sentence should not "now" be pronounced. She answered that she did not. There was no confusion on appellant's part, as she filed a notice of appeal the same day and does not complain on appeal that the court failed to pronounce sentence.

Moreover, recitations in the judgment create a binding presumption of regularity in the absence of direct proof of their falsity. *Johnson v. State*, 72 S.W.3d 346, 349 (Tex. Crim. App. 2002); *Breazeale v. State*, 683 S.W.2d 446, 450 (Tex. Crim. App. 1984) (op. on reh'g). This presumption will not be set aside unless the record affirmatively shows the contrary. *Breazeale*, 683 S.W.2d at 450. The judgment reflects that appellant was convicted and sentenced to twelve years

confinement in the Texas Department of Corrections—Institutional Division. Although the trial court stated that it would "assess your punishment" rather than that it was "sentencing" appellant, viewing the court's complete statements in context we conclude that the record is not sufficient to overcome the presumption of regularity and truthfulness carried by the formal judgment's recitation that appellant was convicted and sentenced consistent with the jury's verdict.

Accordingly, considering the verdict, the court's statements, and the judgment, we conclude that the present record sufficiently reflects the trial court's intent to sentence appellant to a term of twelve years confinement and that the judge pronounced that sentence in appellant's presence consistent with article 42.03. Because the written judgment clearly expresses that intent, we resolve any lack of clarity in the pronouncement of sentence in favor of appellate jurisdiction.

## B. Jury instruction

In issue one, appellant argues the trial court erred by including a good-faith-exception instruction in the jury charge. Before trial, appellant requested the court instruct the jury to disregard any evidence obtained in violation of the law. Appellant sought the instruction to support her argument that the evidence of drug possession was obtained without a valid arrest warrant. Although the trial court denied appellant's requested instruction, the court included an instruction in the charge based on Code of Criminal Procedure article 38.23.[1]

---

[1] The Code of Criminal Procedure provides that: "No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case." Tex. Code Crim. Proc. art. 38.23(a). In any case "where the evidence raises an issue hereunder," the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of article 38.23, "it shall disregard any such evidence obtained." *Id.*

1.  Article 38.23 instruction

The jury charge contained the following instruction:

> You have heard evidence obtained as a result of an arrest of PATRICIA SWARTZ by Deputy Boone. Specifically, you have heard Deputy Boone arrested the Defendant for an open warrant and that during that arrest, Deputy Boone discovered methamphetamine on the person of PATRICIA SWARTZ.

> You may consider this evidence only if you resolve a preliminary question in favor of the state. No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the state of Texas, or of the Constitution or laws of the United States of America, shall be used against the accused on the trial of any criminal case. The state must prove, beyond a reasonable doubt, that the evidence was not obtained in violation of the law.

The charge also contained an additional instruction, commonly referred to as the "good-faith exception," which provides that an exception to the mandatory-exclusion provision is made if the law enforcement officer was "acting in objective good faith reliance upon a warrant issued by a neutral magistrate based on probable cause." Tex. Code Crim. Proc. art. 38.23(b). The court instructed the jury as follows:

> A police officer may, under the law, arrest a person if she has a good faith belief that there is a valid warrant for arrest of that individual. Before you may consider the evidence obtained as a result of Deputy Boone's arrest of PATRICIA SWARTZ, you must all agree that the state has proven, beyond a reasonable doubt, that the officer had a reasonable belief that there was a valid warrant for her arrest. If you find that fact beyond a reasonable doubt, then you may consider all of the evidence obtained as a result of Deputy Boone's arrest of the Defendant.

> If you do not find that fact beyond a reasonable doubt, then you will disregard all evidence obtained as a result.

Appellant objected to the inclusion of an instruction on the good-faith exception arguing it was not raised by the evidence. Because the State never produced the arrest warrant and supporting affidavit demonstrating probable cause, appellant maintained there was no warrant that supported her arrest or the inclusion of a "good faith exception" instruction.

2. Applicable law

The Court of Criminal Appeals and this court have repeatedly concluded that if the State seeks to justify an arrest based on an arrest warrant, the warrant and supporting probable-cause affidavit must be produced to the court for inspection to ensure that the arrestee's rights have been protected. *Weems v. State*, 167 S.W.3d 350, 356-57 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd) (citing *Miller v. State*, 736 S.W.2d 643, 648 (Tex. Crim. App. 1987)); *see Etheridge v. State*, 903 S.W.2d 1, 19 (Tex. Crim. App. 1994), *cert. denied*, 516 U.S. 920, 116 S. Ct. 314, 133 L.Ed.2d 217 (1995); *Dorsey v. State*, 964 S.W.2d 701, 703 (Tex. App.—Houston [14th Dist.] 1998, pet. ref'd); *Myles v. State*, 946 S.W.2d 630, 636 (Tex. App.—Houston [14th Dist.] 1997, no pet.); *Torres v. State*, 933 S.W.2d 339, 339 (Tex. App.—Houston [14th Dist.] 1996, no pet.).

The State may be excused from producing the warrant and probable-cause affidavit, however, "if the State introduces sufficient evidence or testimony to permit the trial court to determine the existence of probable cause to effect the arrest." *Weems*, 167 S.W.3d at 356; *see Dorsey*, 964 S.W.2d at 703. This court explained in *Dorsey*, "[t]he rule requiring the State to produce the arrest warrant was originally imposed to protect arrestee's rights by forcing the trial court to inspect documents and determine whether probable cause existed. However, where probable cause is otherwise established through evidence and testimony, the arrestee's rights are still protected." *Dorsey*, 964 S.W.2d at 704 (citations

8

omitted). This showing may be accomplished in a variety of ways. *Weems*, 167 S.W.3d at 357. Reconstituted documents, for example, can be sufficient to establish probable cause for arrest if the information on which the magistrate relied to determine there was probable cause was available for review by the trial court. *See Myles*, 946 S.W.2d at 636 (although original warrant was no longer available, officer who completed paperwork for warrant testified at trial as to probable cause alleged in affidavit). The validity of an arrest may also be shown by testimony of the complainant or officer who furnished the basis for the probable-cause affidavit supporting the arrest warrant. *See Dorsey*, 964 S.W.2d at 704 (testimony of officer who provided probable-cause affidavit); *Torres*, 933 S.W.2d at 340-41 (testimony from complaining witness and arresting officer sufficient to show probable cause for arrest); *see also Garrett v. State*, 791 S.W.2d 137, 141 (Tex. Crim. App. 1990) (holding arrest valid based on existence of outstanding warrant together with testimony of parole worker).

### 3. Application

The State called David Payne, the manager of the property where the laundromat and coin-operated machine are located. Payne testified that the laundromat is monitored by security cameras, which he can access remotely from his phone. He said that people have "messed with" the equipment on the property. He recalled a specific incident occurring on July 8, when people broke into the coin-operated machine in the laundromat. He had a security video recording of that event and reported the incident to the police. He also reported the license plate of a vehicle he saw on the property that was associated with the break-in. An arrest warrant was issued for appellant for burglary of a coin-operated machine occurring on July 8.

Eleven days later, on July 19, Payne identified the same vehicle he recognized from the July 8 break-in parked at the laundromat. Payne recognized appellant from the July 8 break-in. He called 9-1-1. A recording of Payne's 9-1-1 call was admitted into evidence and played for the jury. In the recording, Payne stated that he received reports from residents that the occupants of that car were dealing drugs. He gave the dispatcher a description of the car and its license plate number and stated that he reported the car on July 8 in connection with the break-in. He recognized the car's occupants as the people who broke into the coin-operated machine. He said he had a video recording of the July 8 incident.

In response to Payne's July 19 9-1-1 call, Deputy Boone was sent to the property. Deputy Boone spoke to a resident, who said he was involved in the prior police report of July 8. The resident told Deputy Boone that there was a video of appellant breaking into the coin-operated machine on the property. Deputy Boone confirmed that the license plate number on the car matched the license number associated with the July 8 report. Deputy Boone spoke to appellant, who was sitting in the car's passenger seat. Deputy Boone told appellant that she was suspected of previously attempting to rob the coin machine. Appellant denied it. Deputy Boone conducted a records check on appellant with the National Crime Information Center (NCIC) and the Texas Crime Information Center (TCIC), which revealed two active arrest warrants for appellant—one in Texas and the other in North Carolina. The Texas warrant was for the alleged burglary of the coin-operated machine at the same laundry facility. Deputy Boone arrested appellant. During a search incident to the arrest, Deputy Boone found the drugs that led to the charge at issue. When Deputy Boone arrived at the police station, she printed the warrant worksheet as part of her arrest documentation but never actually reviewed the original warrant or supporting affidavits.

Because the State did not produce the actual arrest warrant or a supporting probable-cause affidavit, we examine whether sufficient evidence or testimony permitted the trial court to determine if probable cause existed to arrest appellant. *See Weems*, 167 S.W.3d at 356; *Dorsey*, 964 S.W.2d at 703. Probable cause exists when the facts and circumstances are sufficient to warrant a person of reasonable caution in the belief that, more likely than not, a particular suspect has committed the crime. *See Muniz v. State*, 851 S.W.2d 238, 251 (Tex. Crim. App. 1993).

We conclude that the testimony summarized above supplied the court with facts sufficient to support a reasonable inference that appellant committed the offense of burglary of a coin-operated machine on July 8. Payne was the complainant whose July 8 report led to issuance of the arrest warrant for appellant. Payne recognized appellant (and the car she occupied) as a person (and vehicle) he had previously reported as associated with the machine break-in, captured on video. Comparable testimony has been held sufficient to support a conclusion that an arrest warrant was supported by probable cause when the State had not produced the warrant or affidavit. *See, e.g.*, *Dorsey*, 964 S.W.2d at 704; *Torres*, 933 S.W.2d at 340-41; *see also Etheridge*, 903 S.W.2d at 18-19 (testimony of magistrate and officer). We hold, therefore, that although the State did not produce the arrest warrant, the trial court could have reasonably concluded that probable cause existed to support appellant's arrest. The court had sufficient facts from which it could reasonably conclude that appellant's rights were protected. The challenged jury instruction was not harmful error. We overrule appellant's first issue.

## B. Best-Evidence Objection

In her second issue, appellant argues the trial court abused its discretion by admitting testimony from Deputy Boone about the information she received from

dispatch regarding the return of active warrants for appellant based on a NCIC/TCIC records check. Appellant argues the best-evidence rule applied and the State should have produced the warrants.

The best-evidence rule requires that if the contents of a writing are to be proved, it must be by the production, if possible, of the very writing itself. Tex. R. Evid. 1002; *see Ortiz v. State*, 651 S.W.2d 764, 766 (Tex. Crim. App. 1983). However, the best-evidence rule is inapplicable here.

Deputy Boone's testimony that dispatch advised there were open warrants for appellant's arrest from Texas and North Carolina was not offered to prove the contents of the warrants. Rather, Deputy Boone's testimony was offered to explain her justification for appellant's arrest and the sequence of events. Because Deputy Boone was not testifying as to the contents of the warrants or any public records, we conclude the best-evidence rule is inapplicable here. *See* Tex. R. Evid. 1002; *cf. Dansby v. State*, 530 S.W.3d 213, 229 (Tex. App.—Tyler 2017, pet. ref'd) (best-evidence rule did not allow peace officer to testify to contents of vehicle registration databases).

In any event, any error in admitting the challenged evidence is harmless because, as we have held, the trial court had adequate opportunity to assess probable cause supporting the arrest warrant based on other testimony and evidence described above. *See Garrett*, 791 S.W.2d at 140.

We overrule issue two.

## C.    Hearsay objection

In issue three, appellant argues the trial court abused its discretion by overruling her hearsay objection to Deputy Boone's testimony about the information she received from dispatch regarding the active warrants for appellant.

Appellant argues the truth of the report was relevant to the determination of the good-faith exception. In response, the State argues that it did not solicit any testimony from Deputy Boone regarding the contents of the warrant.

The record reflects the following exchange:

Q. (Counsel for the State) Okay. So did you approach the vehicle and ask what happened?

A. Yes. I wanted their side, as well.

Q. Could you tell me what happened next?

A. Whenever I approached, they had said that they weren't on the property; but the male I talked to earlier said there had been video.

Q. Okay.

A. So at that point, I ran both of them through TCIC, NCIC.

Q. What came back?

A. It showed that he was clear, as in he had no warrants; and she had two warrants out of Texas and out of North Carolina.

Q. Were they both currently active warrants?

A. Yes.

. . . .

Counsel for Appellant: It's hearsay as to whatever the contents may be.

The Court: Overruled.

Hearsay is a statement, other than one made by the declarant while testifying at trial, that is offered to prove the truth of the matter asserted. Tex. R. Evid. 801(d). Hearsay is inadmissible unless an exception created by statute or the Texas Rules of Evidence applies. Tex. R. Evid. 802. Appellant objected that Deputy Boone's testimony was hearsay as to the contents of the warrant. However, Deputy Boone did not testify as to the contents of the warrants, only to the information provided to her regarding their existence. In fact, one of the major themes of appellant's cross-examination of Deputy Boone was that she did not find

13

or review the Texas arrest warrant. Because Deputy Boone's testimony was not offered to establish the truth of the contents of the warrants, we overrule issue three.[2]

## D.    Cumulative error

In issue four, appellant argues that even if this court concludes that each of the alleged errors asserted in issues one through three were harmless; taken together, they created cumulative, reversible error. *See Estrada v. State*, 313 S.W.3d 274, 311 (Tex. Crim. App. 2010) (quoting *United States v. Bell*, 367 F.3d 452, 471 (5th Cir. 2004) ("The cumulative error doctrine provides relief only when constitutional errors so 'fatally infect the trial' that they violated the trial's 'fundamental fairness.'")).

We need not address this issue because we have not concluded that the trial court committed any error as asserted in appellant's first three issues. *See Chamberlain v. State*, 998 S.W.2d 230, 238 (Tex. Crim. App. 1999) ("we are aware of no authority holding that non-errors may in their cumulative effect cause error"). We overrule issue four.

---

[2] To the extent that appellant argues on appeal that her hearsay objection was as to the existence of active warrants, that argument was not the basis of her objections at trial. Regardless, the information received by Deputy Boone also constitutes "information acted on," a hearsay exception. *See Poindexter v. State*, 153 S.W.3d 402, 408 n.21 (Tex. Crim. App. 2005), *abrogated on other grounds by Robinson v. State*, 466 S.W.3d 166 (Tex. Crim. App. 2015) (testimony from police officer generally explaining her behavior and actions is not hearsay); *Schaffer v. State*, 777 S.W.2d 111, 114 (Tex. Crim. App. 1989) (police officer should be allowed some explanation of her presence and conduct). Although Deputy Boone could not testify as the information in the warrant database, she was allowed to testify in explanation of her arrest of appellant.

## Conclusion

We affirm the trial court's judgment.

_____/s/ Kevin Jewell_____
Kevin Jewell
Justice

Panel consists of Justices Jewell, Spain, and Wilson.  (Spain, J., dissenting).

Publish —Tex. R. App. P. 47.2(b).

15