Affirmed and Opinion filed August 29, 2006








Affirmed and Opinion filed August 29, 2006.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00539-CR

____________

 

SHERIFF K. AZEEZ, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from County
Criminal Court at Law No.12

Harris County, Texas

Cause No. 5421

 



 

O P I N I O N

A jury convicted appellant for failure to appear for trial
for a charge pending in municipal court and assessed punishment at a $400
fine.  Appellant appealed his conviction in seven issues to the County Criminal
Court at Law No. 12, and that court affirmed the judgment of the trial court. 
Appellant now appeals the same seven issues to this court, and we also affirm
but for reasons different from those relied upon by the County Criminal Court. 








Factual Background

On June 19, 2003, police issued appellant a citation for
speeding on the  I-45 freeway in Houston, Texas.  The citation included a
written promise, indicated by appellant=s signature, that
he would appear in Municipal Court Number 15 on July 21, 2003 unless he made a
prior payment for the violation.  On July 21, the deputy clerk filed a
certificate of defendant=s failure to appear, verifying appellant
did not appear as required by his citation.  On the same day, the municipal
court judge issued a warrant for appellant=s arrest.  

Appellant=s cause for failure to appear was tried to
a jury.  The State presented two witnesses, Houston police officer Alejandro
Maciel and Beverly Jones.  Officer Maciel testified he issued appellant the
citation and appellant signed it.  Jones testified she is a municipal court
supervisor and is the custodian of records for the court.  Appellant presented
no witnesses.  After deliberating for ten minutes, the jury returned a verdict
of guilty and assessed punishment at a $400 fine.  

Discussion

Appellant first asserts three issues concerning the motion
to quash the complaint.  Next, appellant makes two evidentiary complaints
regarding State=s exhibits one, two, and three.  Finally,
appellant complains the trial court erred in denying his motion for an
instructed verdict and in sustaining the State=s objections to
his closing argument.  

I.                   
Complaint








Issues one, two, and three concern the complaint. 
Appellant contends the court erred in denying the motion to quash because (1)
it was unclear from the complaint under which statute appellant was charged,
(2) he cannot be charged under the Penal Code when there is a more specific
offense for failure to appear for traffic offenses under the Transportation
Code, and (3) the city ordinance is preempted by State law.  In appellant=s points of error, he
asserts he was denied due process and was denied the right to know with what
offense he was charged in order to prepare his defense.  We address appellant=s issues regarding the
complaint as a group, and we overrule those issues because the complaint gave
appellant sufficient notice of the charged offense.  As we discuss herein, the
charge in the complaint was clear, the Transportation Code includes all
enumerated elements, and a charge for failure to appear under the Penal Code
and the same charge under the Transportation Code are not irreconcilably in
conflict.  We need not specifically address appellant=s third issue because the face of the
complaint does not charge appellant under the city ordinance.  

A.                
Standard of Review

We review the decision to grant a motion to quash under
an abuse of discretion standard.  See Thompson v. State, 44 S.W.3d 171,
174 (Tex. App.CHouston
[14th Dist.] 2001, no pet.).  A trial court abuses its discretion if it acts
without reference to guiding rules and principles, or acts arbitrarily or
unreasonably.  Id.  A motion to quash should be granted only when the
language concerning the defendant=s
conduct is so vague or indefinite as to deny him effective notice of the acts
he allegedly committed.  DeVaughn v. State, 749 S.W.2d 62, 67 (Tex.
Crim. App.
1988). 

To survive a timely motion to quash, the complaint must, on
its face, contain allegations of the facts necessary to show the offense was
committed, to bar subsequent prosecution for the same offense, and to give the
defendant notice of the precise offense with which he is charged.  Crum v.
State, 946 S.W.2d 349, 359 (Tex. App.CHouston
[14th Dist.]
1997, pet. ref=d) (analyzing a motion to quash an indictment).  Upon
review, we must first determine if the notice given is sufficient.  Id.  If
it is, the inquiry ends; if not, we must examine the record to determine the
impact of the deficiency on appellant=s defense.  Id.


The complaint at issue recites the following:

Failure to Appear (Custody) 

In the name and by the authority of the State of Texas:  








I, the undersigned affiant, do solemnly swear that I have good reason
to believe, and do believe that Azeez, Sheriff K, hereinafter called Defendant,
heretofore, on or about the 21st, [sic] day of July A.D., 2003, and before
making and filing of this complaint, within the incorporated limits of the City
of Houston, County of Harris and State of Texas, did then and there unlawfully
and knowingly fail to appear in Municipal Court Number 15 of the City of
Houston, Texas at 6:00 PM in accordance with the terms of his release after
having been lawfully released from custody on condition that he subsequently
appear in said court.  

Against the peace and dignity of the State:  

Affiant:   

Subscribed and sworn before me by affiant this date: July 21, 2003: 

Signed by Deputy Clerk, Municipal Court, Houston, Texas and Seal
Affixed

 

A complaint is a sworn allegation charging the accused with
the commission of an offense in justice and municipal courts.  Tex. Code Crim. Proc. Ann. art.
45.018(a) (Vernon Supp. 2006).  A complaint is sufficient if it (1) is in
writing, (2) commences with AIn the name and by the authority of the
State of Texas,@ (3) states the name of the accused or a
reasonably definite description of the accused, (4) shows the accused has
committed an offense against the law of the state, (5) states the date of the
offense, (6) bears the signature or mark of the affiant, and (7) concludes with
the words, AAgainst the peace and dignity of the State,@ and if the
defendant is charged with violation of a city ordinance, may also conclude with
the words, AContrary to the said ordinance.@  Tex. Code Crim. Proc. Ann. art.
45.019(a) (Vernon Supp. 2006).  A complaint filed in municipal court must also
allege the offense was committed in the territorial limits of the municipality,
and be sworn to before the municipal judge, clerk or deputy clerk of the court,
city secretary, or city attorney or deputy city attorney.  Tex. Code Crim. Proc. Ann. art.
45.019(c), (e).  

B.                
Appellant received sufficient notice of the charges alleged against him








Appellant first contends the trial court erred in
denying the motion to quash because it is unclear from the complaint under
which statute he was charged.  Appellant argues he was actually charged under
the Penal Code section 38.10 rather than City of Houston ordinance 16-47. 
Alternatively, appellant suggests he should have been charged under the
Transportation Code.  At trial, the prosecutor alleged appellant was charged
under the city ordinance.  

A crime must be alleged in the charging instrument with
enough specificity and clarity that the defendant can identify the penal
statute under which the State intends to prosecute.  See Duron v. State,
956 S.W.2d
547, 550B51 (Tex.
Crim. App.
1997); Motherwell v. State, No. 05-99-00649-CR, 2000 WL 1240005, at *2 (Tex.
App.CDallas Aug. 31, 2000, no
pet.) (not designated for publication) (applying the rules for indictments and
informations to complaints).  Appellant complains the State did not use enough
specificity.  The statutory requirements do not require the complaint to specifically
identify the statute or ordinance with which the defendant is being charged.  See
generally Tex. Code Crim. Proc. Ann.
art. 45.019.  A charging instrument must, however, contain on its face every
element of the offense that must be proven at trial.  See Dinkins v. State,
894 S.W.2d 330, 338 (Tex. Crim. App. 1995); DeVaughn, 749 S.W.2d at 67; Thompson,
44 S.W.3d at 176B77.  If the charging instrument is
sufficient to put a defendant on notice and not deprive him of his ability to
prepare his defense, then there is no harm.  See Smith v. State, 873 S.W.2d 66, 72 (Tex.
App.CTyler 1993, pet. ref=d).  

1.                 
The State charged appellant under the Transportation Code








Under Transportation Code section 543.009, a person may
be charged with failure to appear for willfully violating a written promise to
appear in court, as provided by the details in the remainder of the
subchapter.  See Tex. Transp.
Code Ann. '
543.009 (Vernon 1999); Berrett v. State, 152 S.W.3d 600, 606B07 (Tex. App.CHouston [1st
Dist.] 2004, pet. ref=d) (outlining the arrest and charging
procedures of chapter 543).  The remainder of the subchapter provides that a
person may be released from custody on condition that he promises in writing to
appear in court at a later date.  See Tex.
Transp. Code Ann. ' 543.005 (Vernon Supp. 2005).  This
procedure is specifically required when the accused is charged with a speeding
violation.  See Tex. Transp. Code
Ann. ' 543.004 (Vernon Supp. 2005).  The elements of the
complaint require the State to prove appellant (1) knowingly failed to appear
(2) in Municipal Court Number 15 (3) of the City of Houston, Texas (4) at 6:00
P.M. (5) in accordance with the terms of his release (6) on condition that he
subsequently appear.  With the exception of the mens rea element, the
elements enumerated in the complaint are found in the Transportation Code.  

The mens rea element in the complaint and the
Transportation Code differ, but section 6.02 of the Penal Code resolves the
issue.  The complaint alleges knowing conduct, and the Transportation Code
requires willful conduct.  This difference serves as appellant=s next argument in
favor of the contention that he should have been charged under the
Transportation Code.  Appellant argues the Transportation Code requires a
higher culpable mental state, Awillfully,@ while the
complaint alleges only Aknowing@ conduct, and if
he had been charged under the Transportation Code, the State would have been
held to a higher burden, which he alleges it could not meet.  

The State contends it may not allege an offense under the
Transportation Code because Awillfully@ is not inclusive
of the required mens rea classifications, and any such charge would be
fundamentally defective.  See Tex.
Penal Code Ann. ' 6.02(d) (Vernon Supp. 2005) (reciting
culpable mental states as intentional, knowing, reckless, and criminal
negligence).  The State is partially correct.  The term Awillfully@ is not sufficient
to prescribe any specific culpable mental state because it is impossible to
determine which of the four prescribed culpable mental states set forth by the
statute is embraced by this word.  Bocanegra v. State, 552 S.W.2d 130, 132 (Tex.
Crim. App.
1977).  By utilizing Awillfully@ as its purported
culpable mental state, the statute, however, does not become fundamentally
defective.  








If a statute is silent about a culpable mental state, we
must determine whether the statute plainly dispenses with a culpable mental
state.  See Aguirre v. State, 22 S.W.3d 463, 470B77 (Tex. Crim.
App. 1999); Thompson, 44 S.W.3d at 177.  In making this determination, a
court considers factors such as whether the statute affirmatively states the
conduct is a crime done without fault, legislative history, intent to dispense
with a culpable mental state as manifested by other features of the statute,
the language of the statute, classification of the offense as malum in se or
malum prohibitum, and the subject of the statute.  Aguirre, 22
S.W.3d at 471B75.  Here, the statute is not literally silent;
rather, the statute uses a word outside the category of culpable mental states
permitted by section 6.02.  Use of Awillfully@ does not clearly
dispense with a culpable mental state such that a violation of the statute
would hold someone strictly liable for the violation.  See Bocanegra,
552 S.W.2d at 132 (recognizing use of the term willfully does not clearly
dispense with any mental element).  Therefore, because some culpable mental
state is required, either intent, knowledge, or recklessness become a necessary
part of the offense.  Id.; see Tex.
Penal Code Ann. ' 6.02(c) (requiring culpable mental
states of either intent, knowledge, or recklessness when an offense does not
prescribe a mental state).  Because Aknowingly@ was the culpable
mental state utilized in the complaint, the complaint contained the necessary
elements for a charge under the Transportation Code. 

2.                 
The State did not charge
appellant under the city ordinance

Appellant suggests the
State should be bound to proceed against him under the city ordinance because the
prosecutor declared its intent to do so during the hearing on the motion to
quash.  Section 16-47 of the City of Houston Municipal Code prohibits (1)
knowingly failing to appear for trial (2) on any charge pending in municipal
court.  See Houston, Tex.
Ordinances ' 16-47.  The complaint recites additional elements
other than those required by the city ordinance, including proof appellant had
previously been released from custody on condition that he appear at a later
date in accordance with the terms of his release.  








The complaint also does
not conclude with the words, AContrary to the said ordinance,@ as may be included if appellant was charged with violation of a city
ordinance; rather, the complaint only concludes with the words, AAgainst the peace and dignity of the State.@  See Tex. Code Crim.
Proc. Ann. art. 45.019(a)(7).  The phrase, AContrary to the said ordinance,@ is permissive, as indicated by the words Amay also conclude.@  This phrase alone does not indicate the complaint
charged appellant under another penal statute, rather than the city ordinance,
but when combined with the elements required by the city ordinance and those
included in the complaint, appellant presents a reasonable argument that the
State did not actually proceed against him under the city ordinance.[1] 
Such a result, however, does not require reversal because, as we discussed
previously, the face of the complaint gave appellant adequate notice to prepare
for his defense and identified the Transportation Code as the applicable penal
statute.  See Opdahl v. State, 705 S.W.2d 697, 699 (Tex. Crim. App. 1986) (recognizing notice and the ability
to prepare a defense as necessary first steps when considering the validity of
a motion to quash). 

3.                 
The State did not charge
appellant under the Penal Code

In support of his argument that the State would be held to
a higher burden under the Transportation Code, appellant alleges the
Transportation Code is more specific than the Penal Code, creating an
irreconcilable conflict.  Appellant=s argument relates
to the rule of pari materia, a principle of statutory interpretation to
give full effect to legislative intent.  See Tex. Gov=t Code Ann. ' 311.026 (Vernon 2005); Mills v. State, 722 S.W.2d
411, 413 (Tex. Crim. App. 1986).  Two statutes are in pari materia if
they deal with the same general subject, have the same general purpose, or
relate to the same person or thing or class of persons or things, even though
they contain no reference to each other, and though they were passed at
different legislative sessions.  Cheney v. State, 755 S.W.2d 123, 126
(Tex. Crim. App. 1988).  








Section 38.10 of the Penal Code applies to persons who are
in custody pursuant to a court order.  Section 38.10(a), entitled ABail Jumping and
Failure to Appear,@ provides:  AA person lawfully
released from custody, with or without bail, on condition that he subsequently
appear commits an offense if he intentionally or knowingly fails to appear in
accordance with the terms of his release.@  Tex. Penal Code Ann. ' 38.10(a) (Vernon
2003).  All the elements of section 38.10 are included in the complaint, but
the definition of custody in this chapter specifically limits section 38.10 to
those situations when a person is under arrest pursuant to a court order of
this state or another state or when a person is under restraint by an agent or
employee of a facility, such as a jail or prison.  See Tex. Penal Code Ann. ' 38.01(1) (Vernon
2003).  Appellant=s charge for failure to appear arises from
a traffic violation.  A person may be arrested for a traffic violation without
a warrant or court order because a violation of traffic laws constitutes
probable cause to arrest.  Tex. Transp.
Code Ann. ' 543.001 (Vernon 1999); see e.g.,
Snyder v. State, 629 S.W.2d 930, 934 (Tex. Crim. App. 1982) (arresting
defendant for failure to produce a valid driver=s license). 
Therefore, the class of persons to which Chapter 38 of the Penal Code and
Chapter 543 of the Transportation Code are intended to apply is not the same.  Accordingly, a charge for failure to
appear under the Penal Code and the same charge under the Transportation Code
are not in irreconcilable conflict.  

We hold the trial court did not err in denying the motion
to quash the complaint because the complaint gave appellant sufficient notice
of the acts he allegedly committed.  Accordingly, we overrule issues one, two,
and three.  

II.                  
State=s Exhibits

In issues four and
five, appellant contends the trial court erred in overruling his objections to
State=s exhibits one, two, and three (1) on
authentication, hearsay, and the confrontation clause grounds and (2) because
taking judicial notice was improper and violated the confrontation clause. 
Appellant preserved error on all grounds he asserts.  During trial, the State
offered exhibits one, two, and three into evidence and requested the trial
court take judicial notice of the documents.  The exhibits include (1) a
speeding citation, (2) a warrant of arrest, and (3) a clerk=s certificate for failure to appear.  The trial court admitted the
exhibits as business records and also took judicial notice of them.  We review
the trial court=s evidentiary ruling under an abuse of discretion
standard.  Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  








A.                
Authentication and Confrontation

Appellant argues the
State=s exhibits lacked authenticity because they failed
to meet the self-authentication requirements of Texas Rule of Evidence
902(10).  See Tex. R. Evid. 902(10). 
Rule 803(6) provides a hearsay exception for evidence of business records to be
admitted if it is properly authenticated.  See Tex. R. Evid. 803.  Rule 902(10) applies to business records
and requires the proponent of the exhibit to file the records, accompanied by
affidavit, and serve notice to other parties at least fourteen days in
advance.  See Tex. R. Evid. 902(10). 
Here, the State failed to meet the self-authentication requirements of this
rule; however, record evidence may be authenticated under either Rule
901 or 902.  Reed v. State, 811 S.W.2d 582, 586 (Tex. Crim. App. 1991). 


Rule of Evidence 901
provides for authentication or identification as a condition precedent to
admissibility to be satisfied by extrinsic evidence sufficient to support a
finding that the matter in question is what its proponent claims.  Tex. R. Evid. 901(a); Angleton v.
State, 971 S.W.2d 65, 67 (Tex. Crim. App. 1998).  Rule 901(b) lists several
non-exclusive examples of how authenticity may be accomplished.  Tex. R. Evid. 901(b); Angleton,
971 S.W.2d at 67.  Rule 901(b)(1) specifically permits testimony by an
identifying witness with personal knowledge to attest to the document=s authenticity.  Tex. R. Evid. 901(b)(1). 
At trial, Beverly Jones testified she is a municipal court supervisor in the
court clerk=s office.  She testified she is the custodian of the
records, and these exhibits are the types of records kept in the regular course
of business at the court.  The State satisfied the hearsay exception and
authentication requirements of the rules of evidence.  








Appellant also argues
these documents violated his confrontation rights.  The procedural guarantee of
the Sixth Amendment bars the admission of testimonial statements of a witness
who does not appear at trial, unless the witness is unavailable to testify and
the defendant had an opportunity to cross-examine the witness.  Crawford v.
Washington, 541 U.S. 36, 59, 124 S. Ct. 1354, 1369, 158 L. Ed. 2d 177
(2004).  Whether a statement is testimonial under Crawford is determined
by the standard of an objectively reasonable declarant standing in the shoes of
the actual declarant.  See Wall v. State, 184 S.W.3d 730, 742 (Tex.
Crim. App. 2006).  A statement is testimonial if it is a solemn declaration
made for the purpose of establishing some fact.  Russeau v. State, 171
S.W.3d 871, 880 (Tex. Crim. App. 2005).  Generally, business records are
non-testimonial.  See Crawford, 541 U.S. at 56, 124 S. Ct. at 1367. 
Although a document is classified as a business record, it can still be
testimonial in nature and violate an appellant=s
confrontation rights.  See Russeau, 171 S.W.3d at 880B81.  If we find these documents are not testimonial in nature, then
there is no Crawford violation.  See Ford v. State, 179 S.W.3d
203, 209 (Tex. App.CHouston [14th Dist.] 2005, pet. ref=d), petition for cert. filed, -- U.S.L.W. ---- (U.S. July 25,
2006) (No. 06-5574).  

The State sought to
introduce its exhibits under the business records hearsay exception, rather
than the public records hearsay exception.  The exhibits admitted in this case
included the traffic citation, the warrant of arrest signed by the judge of the
municipal court, and a deputy clerk=s certificate of appellant=s failure to appear at trial for his speeding citation.  First, the
traffic citation shows appellant was cited for speeding and signed the ticket,
thereby promising to appear in court at a later date.  Second, the warrant of
arrest shows the judge of the municipal court signed a warrant commanding any
peace officer to arrest appellant and bring him before the court.  Third, the
clerk=s certificate is a document signed by the deputy
clerk of the court affirming that on the day appellant=s speeding citation came to trial, he did not appear or answer in the
courtroom.    

This court in Ford
held sterile recitations of an appellant=s offenses and punishments found in prison
disciplinary reports were not testimonial in nature.  Ford, 179 S.W.3d
at 209.  The exhibits challenged here reflect the same sterility as those in Ford. 
The exhibits are forms used by the Houston courts that record the
occurrence of an event.  Moreover, appellant has failed to offer, and we have
not found, any authority or reasoning to transform these documents into
testimonial statements.  The admission of the State=s exhibits did not violate appellant=s
confrontation rights.  








Accordingly, we
overrule appellant=s fourth issue on appeal. 

B.                
Judicial Notice

In his fifth issue,
appellant argues the trial court erred in taking judicial notice of State=s exhibits two and three, the arrest warrant and clerk=s certificate.  Texas Rule of Evidence 201 governs judicial notice and
provides for a trial court to take judicial notice of adjudicative facts not
subject to reasonable dispute.  See Tex.
R. Evid. 201(a), (b); Garza v. State, 996 S.W.2d 276, 279 (Tex.
App.CDallas 1999, pet. ref=d).  A
judicially noticed fact is not subject to reasonable dispute if it is either
(1) generally known within the territorial jurisdiction of the trial court or
(2) capable of accurate and ready determination by resorting to resources whose
accuracy cannot reasonably be questioned.  Tex.
R. Evid. 201(b); see Gonzales v. State, 723 S.W.2d 746, 751 (Tex.
Crim. App. 1987).  Rule 201 entitles a party to be heard as to the propriety of
taking judicial notice and the tenor and matter noticed.  Tex. R. Evid. 201(e).  Rule 201 also
mandates the court instruct the jury that it may, but is not required to,
accept as conclusive any fact judicially noticed.  Tex. R. Evid. 201(g).  








A trial court may also
take judicial notice of its own orders, records, and judgments rendered in
cases involving the same subject matter and between practically the same
parties.  Wilson v. State, 677 S.W.2d 518, 523 (Tex. Crim. App. 1984). 
A court may not take judicial notice of records of another court.  Turner v.
State, 733 S.W.2d 218, 222 (Tex. Crim. App. 1987).  The trial court seems
to reason it could take judicial notice of the State=s exhibits because they were part of the Houston municipal court system=s records.  That reasoning fails logically.  For a trial court to take
judicial notice of its own records, the records must exist in that particular
court.  The State=s exhibits may be part of the records of the Houston
municipal courts system and Municipal Court Number 15, but they are not part of
the records of Municipal Court Number 8, the trial court hearing the failure to
appear action under cause number F228743.  By using the reasoning employed by
the trial court, it could effectively take judicial notice of records of any
other trial court within the system of Houston municipal courts.  We disagree
with this interpretation and hold the trial court erred when it took judicial notice
of these exhibits. 

Even though the trial
court incorrectly took judicial notice of the State=s exhibits, appellant was not harmed by this error.  See Tex. R. App. P. 44.2(b).  When a trial
court takes judicial notice of adjudicative facts, it authorizes the jury to
accept the facts as true without requiring formal proof.  Watts v. State,
99 S.W.3d 604, 609B10 (Tex. Crim. App. 2003).  Judicial notice serves
as a convenience by eliminating the need for the parties to argue facts where
no controversy exists.  See id. at 610.  Having taken judicial notice of
State=s exhibits two and three, Rule 201 requires the
trial court in a criminal case to instruct the jury that it may, but is not
required to, accept as conclusive any fact judicially noticed.  Tex. R. Evid. 201(g).  The trial court
neither gave such an instruction to the jury, nor told the jury it took
judicial notice at all. 

The trial court made
its ruling out of the hearing of the jury.  The jury was not told by the court
or anyone else that the court had taken judicial notice of these exhibits.  The
jury did not know that by taking judicial notice of those documents, the trial
court was telling them they could consider them as conclusive proof of facts
contained therein.  Besides taking judicial notice of the State=s exhibits, the trial court admitted them into evidence as business
records.  Because the jury was never told about the judicial notice, the jury
only considered these exhibits as they would any other exhibit before them, and
when considering them, the jury returned its verdict within ten minutes.  For
these reasons, appellant suffered no harm as a result of the trial court=s erroneous ruling.  Thus, we overrule appellant=s fifth issue.

III.                 
Instructed Verdict








In issue six, appellant
contends the trial court erred in denying his motion for an instructed verdict
because the evidence produced by the State was insufficient to sustain a
conviction.  Appellant claims the issues not supported by sufficient evidence
include:  (1)  appellant failed to appear for a trial setting; (2) appellant
knowingly failed to appear; (3) the acts were committed in Houston, Harris
County, Texas; and (4) Houston Municipal Court No. 15 is located in Houston, Harris
County, Texas.  

A challenge to a trial
court=s denial of a motion for an instructed verdict is
actually a challenge to the legal sufficiency of the evidence to support the
conviction.  Myles v. State, 946 S.W.2d 630, 636 (Tex. App.CHouston [14th Dist.] 1997, no pet.).  When reviewing the legal
sufficiency of the evidence, we view all the evidence in a light most favorable
to the verdict.  Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781,
2789, 61 L. Ed. 2d 560 (1979).  We must determine whether a rational trier of
fact could have found from the evidence every element of the offense beyond a
reasonable doubt.  443 U.S. at 319, 99 S. Ct. at 2789; Myles, 946 S.W.2d
at 636.  The jury, as the sole judge of the credibility of the witnesses,
chooses whether or not to believe all or part of a witness=s testimony.  See Moreno v. State, 755 S.W.2d 866, 867 (Tex.
Crim. App. 1988).  We do not engage in a second evaluation of the weight and
credibility of the evidence, but only ensure the jury reached a rational
decision.  Muniz v. State, 851 S.W.2d 238, 246 (Tex. Crim. App. 1993); Harris
v. State, 164 S.W.3d 775, 784 (Tex. App.CHouston [14th
Dist.] 2005, pet. ref=d).  Thus, if there is evidence establishing guilt
beyond a reasonable doubt, we are not authorized to reverse the judgment on
sufficiency of the evidence grounds. 








The elements of the
complaint, according to the Transportation Code, require the State to prove
appellant (1) knowingly failed to appear (2) in Municipal Court Number 15 (3)
of the city of Houston, Texas (4) at 6:00P.M. (5) in accordance with the terms
of his release (6) on condition that he subsequently appear.  See Tex. Transp. Code Ann. ' 543.009(b).  The State provided testimony from the officer who gave
appellant the speeding citation that appellant was issued the citation and
signed it.  By signing the citation, appellant promised to appear in Municipal
Court Number 15 at 6:00 P.M. on July 21, 2003.  The terms of his release from
custody were written on the citation and allowed appellant to be released by
the officer on condition that he appear as required.  Appellant received a copy
of the citation.  The State also presented the arrest warrant and clerk=s certificate showing appellant did not appear for trial on July 21. 
Additionally, the citation, arrest warrant, and clerk=s citation each indicate the location of the trial court was in
Houston, Texas.  Although, no witness specifically testified about that fact,
the exhibits each reflect the location of Municipal Court Number 15 was in
Houston, Texas.  Further, the specific location in Houston, Texas where
appellant was cited for speeding is written on the citation itself.  The
forgoing evidence is sufficient for a rational jury to find appellant knowingly
failed to appear for trial as required by the citation issued by police. 
Therefore, the trial court did not err in overruling appellant=s motion for an instructed verdict.  We overrule appellant=s sixth issue.  

IV.              
Appellant=s Closing Argument

In issue seven,
appellant contends the trial court erred in sustaining the State=s objections to appellant=s closing argument for arguing outside the record. 
This issue, in the context raised by appellant, is one not readily addressed on
appeal.  More often, a defendant appeals the overruling of his objection to a
State=s argument.  Here, appellant appeals the denial of
his counsel=s ability to argue to the jury.  See, e.g.,
Allen v. State, No. 08-00-00442-CR, 2002 WL 1481294, at *10B12 (Tex. App.CEl Paso July 11, 2002, pet. ref=d) (not designated for publication) (analyzing State=s objection to defense jury argument).

Proper jury argument
must fall within one of four general categories: (1) summation of the evidence;
(2) reasonable deduction from the evidence; (3) answer to argument of opposing
counsel; and (4) plea for law enforcement.  Guidry v. State, 9 S.W.3d
133, 154 (Tex. Crim. App. 1999).  If a trial court erroneously excluded proper
argument that effectively prevented appellant from presenting his theory of the
case to the jury, reversal is appropriate.  Allen, 2002 WL 1481594, at
*10.  








Appellant specifically
claims his closing argument was limited when the trial court sustained the
State=s objections to appellant=s arguments about (1) the reliability of the signatures on State=s exhibits two and three and (2) the possibility appellant was in the
hospital and could not have knowingly failed to appear.  Appellant provides no
citation to the record where any evidence about the signatures on the exhibits
or appellant=s excuse for not appearing at his trial was admitted
into evidence.  Appellant only argues he is entitled to argue reasonable
inferences from documentary evidence.  

After reviewing the
record and appellant=s attempted arguments to the jury, we will assume,
for purposes of argument, that the trial court erred in sustaining the State=s objections to appellant=s argument to the jury.  In doing so, we hold
appellant did not suffer harm to warrant reversal.  A criminal conviction
should not be overturned unless after examining the entire record, we determine
the error may have had a substantial influence on the outcome of the trial, and
the jury=s verdict was probably adversely affected by the
error.  Tex. R. App. P. 44.2(b); Motilla
v. State, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002).  In determining if
harm exists, we should consider overwhelming evidence of guilt.  Motilla,
78 S.W.3d at 357.  Any alleged error that does not affect appellant=s substantial rights must be disregarded.  Tex. R. App. P. 44.2(b).  

During the remainder of
appellant=s closing argument, he argued the State could not
prove knowing conduct on appellant=s part because nothing in the documentary evidence
proves appellant=s motivations, and he argued the State presented no
other evidence about appellant=s conduct.  We disagree with this argument because
knowing conduct could be inferred from the police officer=s testimony that he gave appellant a copy of the citation, which
included appellant=s signature signifying appellant=s written promise to appear on July 21 which he failed to do.  This
is a simple case.  The State did not have to put on a great deal of evidence to
prove the elements of this offense.  As previously discussed, the documentary
evidence and the police officer=s testimony provided overwhelming evidence of
appellant=s guilt.  Accordingly, we overrule appellant=s seventh and final issue.  








Conclusion

Having considered and
overruled each of appellant=s issues on appeal, we affirm the judgment of the
county court at law.  

 

 

/s/        John S. Anderson

Justice

 

 

 

Judgment rendered and Opinion filed August 29, 2006.

Panel consists of Justices Anderson, Edelman, and
Frost.

Publish C Tex. R. App.
P. 47.2(b).









[1]  We need not specifically address appellant=s third issue pertaining to preemption of the city
ordinance because we conclude the face of the complaint did not charge
appellant under the city ordinance.