Affirmed and Memorandum Opinion filed August 26, 2008








Affirmed and Memorandum Opinion filed August 26, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00611-CR

____________

 

CARLOS GONZALES-CANTU, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 351st
District Court

Harris County, Texas

Trial Court Cause No. 1073631

 



 

M E M O R A N D U M   O P I N I O N

Appellant Carlos Mario Gonzales-Cantu appeals his
conviction for possession with intent to deliver methamphetamine.  In six
issues, appellant challenges the legal and factual sufficiency of the
evidence.  We affirm.

I.  Background








In June of 2006, members of the Secret Service Agency=s Houston Area
Fraud Task Force received information regarding a stolen credit card.  The card
was being used to purchase and ship items to a post office box in Houston.  On
June 12, 2006, while two special agents were waiting to speak with the Postal
Inspector of the facility containing the box, appellant entered and signed for
the contents of the box under the name of David Lopez.  An agent initiated
conversation with appellant and asked for identification.  Appellant presented
a Texas driver=s license bearing the name Edwin David Lopez, but when
asked if that was actually him, appellant admitted that he was not Lopez.  Appellant
told the agents that he did not have any identification with him, but that he
had come in his car, which was outside the facility.  Appellant and the agents
went out to appellant=s car, and appellant retrieved a rental
car receipt showing that the car had been rented in his name.  The agents
noticed a variety of items in the backseat of the vehicleCclothing,
backpacks, file folders, pillows, and a laptop computer.  Appellant=s companion,
Christopher Cox, was sitting in the driver=s seat, but he
could not produce identification or a driver=s license. 

Appellant was searched and found to be in possession of two
credit cards, one issued to Brandon Aldridge and one issued to Michael Black. 
Unauthorized purchases had been made on these two accounts.  The agents
released Cox but arrested appellant in conjunction with the stolen credit cards
and impounded the vehicle.  In the process of searching the vehicle, the agents
discovered locked luggage in the trunk.  The luggage was lined with sheets of
fabric softener.[1] 
Inside the luggage, the agents found a black safe containing 129.3 grams of
methamphetamine, 316.6 grams of Ketamine, and 1.9 kilograms of GHB.[2] 
Numerous drug paraphernalia items were found along with the controlled
substances, including a syringe, pipe, and scale.  The agents discovered more
drug paraphernalia, a crack pipe and razor blades, in the passenger
compartment.  The agents also found approximately $1400 in cash in the
vehicle.  Most of the money was in a money bag under the front passenger seat;
the remainder was discovered in the luggage in the trunk.  








Appellant was charged with possession with intent to
deliver more than four grams but less than two hundred grams of
methamphetamine.  After a bench trial, the court found appellant guilty and
sentenced him to forty-five years in prison.  This appeal followed.

II.  Standard of Review

Appellant challenges the legal and factual sufficiency of
the evidence.  In evaluating a legal sufficiency claim attacking a jury=s finding of
guilt, we view the evidence in the light most favorable to the verdict.  Wesbrook
v. State, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000).  We do not ask whether
we believe the evidence at trial established guilt beyond a reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307, 318B19 (1979). 
Rather, we determine only whether a rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt.  Cardenas v.
State, 30 S.W.3d 384, 389 (Tex. Crim. App. 2000).  In our review, we accord
great deference Ato the responsibility of the trier of fact
[to fairly] resolve conflicts in the testimony, to weigh the evidence, and to
draw reasonable inferences from basic facts to ultimate facts.@  See Jackson,
443 U.S. at 319.








In conducting a factual sufficiency review of the jury=s determination,
we look at all evidence in a neutral light and will reverse only if (1) the
evidence is so weak that the finding seems clearly wrong and manifestly unjust
or (2) considering conflicting evidence, the finding, though legally
sufficient, is nevertheless against the great weight and preponderance of the
evidence.  See Watson v. State, 204 S.W.3d 404, 414B15 (Tex. Crim.
App. 2006).  It is not enough that we may harbor a subjective level of
reasonable doubt to overturn a finding that is founded on legally sufficient
evidence.  See id. at 417.  We cannot conclude that a finding is Aclearly wrong@ or Amanifestly unjust@ simply because,
on the quantum of evidence admitted, we would have voted differently had we
been the factfinder.  See id.  Nor can we declare that a conflict in the
evidence justifies a new trial simply because we may disagree with the
factfinder=s resolution of that conflict.  See id.  Rather,
before ordering a new trial, we must first be able to say, with some objective
basis in the record, that the great weight and preponderance of the (albeit
legally sufficient) evidence contradicts the verdict.  See id.

Appellant was charged with the offense of knowingly or
intentionally possessing four or more grams but less than two hundred grams of
methamphetamine.  See Tex. Health
& Safety Code Ann. '' 481.102(6), 481.115(d) (Vernon 2003 &
Supp. 2007).  When an accused is charged with unlawful possession of a
controlled substance, the State must prove (1) the defendant exercised actual
care, custody, control, or management over the contraband and (2) the accused
knew the object he possessed was contraband.  See Linton v. State, 15
S.W.3d 615, 618 (Tex. App.CHouston [14th Dist.] 2000, pet. ref=d).  The element
of possession may be proven by circumstantial evidence.  See McGoldrick v.
State, 682 S.W.2d 573, 578 (Tex. Crim. App. 1985).  When the accused is not
in exclusive possession of the place where the substance is found, it cannot be
concluded that the accused had knowledge of and control over the contraband
unless there are additional independent facts and circumstances affirmatively
linking the accused to the contraband.  Poindexter v. State, 153 S.W.3d
402, 406 (Tex. Crim. App. 2005).  








Circumstantial evidence relevant to establish an
affirmative link between appellant and the contraband includes (1) the
defendant=s presence when a search is conducted, (2) whether the
contraband was in plain view, (3) how close and accessible the drugs were to
the defendant, (4) whether the defendant was under the influence of narcotics
when arrested, (5) the defendant=s possession of
other contraband or narcotics when arrested, (6) any incriminating statements
the defendant made when arrested, (7) whether the defendant made furtive
gestures or attempted to flee, (8) any odor of contraband, (9) the presence of
other contraband or drug paraphernalia, (10) the defendant=s ownership or
right to possess the place where the drugs were found, (11) whether the place
where the drugs were found was enclosed, (12) the defendant=s possession of a
large amount of cash, and (13) any conduct by the defendant indicating a
consciousness of guilt.  See Evans v. State, 202 S.W.3d 158, 162
n.12 (Tex. Crim. App. 2006); Olivarez v. State, 171 S.W.3d 283, 291
(Tex. App.CHouston [14th Dist.] 2005, no pet.).  It is not the
number of links that is dispositive, but rather the logical force of all of the
evidence, direct and circumstantial.  Evans, 202 S.W.3d at 162. 
No court has required that any specific combination of these factors be present
to support a conviction for drug possession.  See Wootton v. State, 132
S.W.3d 80, 87 (Tex. App.CHouston [14th Dist.] 2004, pet. ref=d).  Instead,
courts are to look to the totality of the circumstances and whether the factors
establish the elements of the offense.  See id.

III.  Analysis

In six related issues, appellant claims the evidence is legally
and factually insufficient to link him to the methamphetamine, to show he
knowingly possessed the methamphetamine with intent to deliver, and to show
that he had care, control, or management of the methamphetamine.  The basis of
all appellant=s issues is that the evidence is insufficient because
the only factor linking him to the methamphetamine is that he rented the
vehicle in which the drugs were found. 













As appellant acknowledges, the fact that he signed the
rental agreement is a factor linking appellant to knowing possession of the
drugs.  Myles v. State, 946 S.W.2d 630, 637 (Tex. App.CHouston [14th
Dist.] 1997, no pet.) (finding fact that appellant rented vehicle linked him to
knowledge of drugs in car).  However, contrary to appellant=s assertion that
this is the only factor linking him to knowledge of the drugs found in the
trunk, we find several additional linking factors present in this case. 
Appellant misrepresented his identity to the special agents, and one agent
testified that appellant panicked when he caught appellant using David Lopez=s name, indicating
a consciousness of guilt.  See Hargrove v. State, 211 S.W.3d 379, 387
(Tex. App.CSan Antonio 2006, pet. ref=d) (inferring
consciousness of guilt partly from fact that defendant gave false name when
caught).  A general consciousness of guilt does not prove an accused guilty of
the specific crime with which he is charged, but it may be considered in
combination with other linking factors.[3] 
Roberson v. State, 80 S.W.3d 730, 740 (Tex. App.CHouston [1st Dist.]
2002, pet. ref=d).  In addition, appellant=s name on the
rental agreement put him in possession and control of the vehicle, and the
trial court could have logically inferred from this that appellant also had
access to the keys to the car, giving him access to and control over the
trunk.  See Jackson, 443 U.S. at 419 (stating factfinder may draw
reasonable inferences from basic facts to ultimate facts); Davis v. State,
923 S.W.2d 781, 786 (Tex. App.CBeaumont 1996) (concluding appellant had
convenient access to trunk, where drugs were stored, based on his possession of
car during road trip), rev=d on other grounds, 947 S.W.2d 240
(Tex. Crim. App. 1997).  The methamphetamine, Ketamine, and GHB were found in
an enclosed place, a safe located inside a locked suitcase, which was in the
trunk.  See Hudson v. State, 128 S.W.3d 367, 374 (Tex. App.CTexarkana 2004, no
pet.) (finding suitcase in trunk of car where drugs were discovered an enclosed
space).  Other narcotics were also discovered in the trunk, as well as a large
quantity of fabric softener for concealing the odor of the narcotics.  See
Grant v. State, 989 S.W.2d 428, 434 (Tex. App.CHouston [14th
Dist.] 1999, no pet.) (considering fact that marijuana was securely wrapped to
disguise odor circumstantial evidence linking appellant to knowledge of
drugs).  Drug paraphernalia was found in both the trunk and the passenger
compartment of the car.  See Cole v. State, 194 S.W.3d 538, 549 (Tex.
App.CHouston [1st
Dist.] 2006, pet. ref=d) (finding drug paraphernalia hidden in
trunk a linking factor).  Based on appellant=s statement to the
special agent that he came in his car and the fact that Cox occupied the driver=s seat, the trial
court could have reasonably inferred that appellant occupied the front
passenger seat, putting him in close proximity to the $1400 located under the
seat.  See Jackson, 443 U.S. at 419.  Finally, the State produced
evidence that 129.3 grams of methamphetamine and the quantity of other
narcotics were large amounts and not intended for personal use.  See
Roberson, 80 S.W.3d at 740 (stating that power of this linking factor
increases as amount of drugs increases). 








Based on the rental agreement showing the car was rented to
appellant, appellant=s nervousness and use of a false name when
speaking with the agents, the large quantity of cash hidden under the front
passenger seat, the presence of drug paraphernalia in both the trunk and the
passenger compartment, the large amount of fabric softener used to conceal the
odor, and the large quantity of drugs hidden in an enclosed space, the trial
court could have reasonably inferred that appellant knew of the methamphetamine
in the trunk of the car and exercised control over it.[4] 
We conclude that a rational trier of fact could have found the essential
elements of the offense of possession with intent to deliver beyond a
reasonable doubt.  See Sauceda v. State, No. 01‑04‑00247‑CR,
2005 WL 497325, at *3 (Tex. App.CHouston [1st
Dist.] Mar. 3, 2005, pet. ref=d) (mem. op., not designated for
publication) (holding evidence legally sufficient where, among other factors,
appellant was passenger in vehicle, was carrying a large amount of cash, a
substantial amount of contraband was found in vehicle, and drug paraphernalia
was found in trunk); Morales v. State, No. 13‑96‑423‑CR,
1997 WL 33642957, at *2B3 (Tex. App.CCorpus Christi
July 24, 1997, no pet.) (mem. op., not designated for publication) (finding
evidence legally sufficient where linking factors included drugs found in bags
in trunk, appellant appeared nervous, and appellant was passenger in car rented
to him).  Moreover, viewing all the evidence in a neutral light, we conclude
that the jury=s verdict was not so against the great weight and
preponderance of the evidence as to be clearly wrong and manifestly unjust.  See
Garner v. State, No. 05‑98‑01802‑CR, 2000 WL 36321, at *3
(Tex. App.CDallas Jan. 19, 2000, pet. ref=d) (not designated
for publication) (concluding evidence was factually sufficient because among
other factors, appellant was passenger in rental car, large quantity of drugs
was found in trunk, and appellant=s access to trunk
could be inferred from rental agreement listing him as a designated driver). 
We overrule appellant=s six issues.

We affirm the trial court=s judgment.

 

/s/      Leslie B. Yates

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed August 26, 2008.

Panel consists of
Justices Yates, Anderson, and Brown.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  The State introduced testimony from one of the
police offers who assisted in searching the vehicle that fabric softener is
often used to conceal the odor of narcotics.  





[2]  Ketamine is a veterinary anesthetic, and GHB is
gamma hydroxybutric acid, an illegal narcotic.   A narcotics expert for the
State testified that Ketamine is used as a sedative. 





[3]  Appellant argues that his conduct indicated a
consciousness of guilt regarding the credit card thefts but not the possession
of methamphetamine.  Because appellant was caught with stolen credit cards and
a large quantity of illegal narcotics, his nervousness could have been related
to either the credit card theft, his knowledge of the methamphetamine and other
drugs in the vehicle, or both offenses.  When the record supports conflicting
inferences, we presume that the trier of fact resolved any conflicts in favor
of the prosecution.  See Jackson, 443 U.S. at 326.  The trial court
chose to resolve this evidence in favor of the prosecution, and we defer to
that resolution.  See id.

 





[4]   Appellant relies on Roberson v. State,
80 S.W.3d 730, 742 (Tex. App.CHouston [1st
Dist.] 2002, pet. ref=d), and Jenkins v. State, 76 S.W.3d 709, 717B19 (Tex. App.CCorpus
Christi 2002, pet. ref=d), for his assertion that where only one linking
factor is present, the evidence is legally and factually insufficient to show
possession.  However, because we find several additional linking factors
present in this case, Roberson and Jenkins are distinguishable.