Affirmed and Memorandum Opinion filed December 11, 2008








Affirmed and Memorandum Opinion filed December 11, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00939-CR

____________

 

CAREY BRIAN BIRMINGHAM, Appellant

 

v.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the County
Criminal Court at Law No. 13

Harris County, Texas

Trial Court Cause No. 1420220

 



 

M E M O R A N D U M  O P I N I O N

Appellant, Carey Birmingham, was arrested and charged with
the misdemeanor offense of driving while intoxicated.  Prior to trial,
appellant filed a motion to suppress all evidence arising out the traffic
stop.  Appellant initially pled not guilty, but changed his plea to guilty
after the trial court denied the motion, reserving the right to appeal the
suppression issue.  Pursuant to a plea agreement, the trial court assessed
punishment at a $300 fine and180 days in jail, which was probated for 1 year. 
Appellant raises a single issue on appeal in which he contends the trial court
erred in denying his motion to suppress.  We affirm. 








Background

On December 3, 2006, Harris County Deputy Constable Daniel
Garza had just finished filling his patrol car with gasoline when he was Aflagged down@ by an
unidentified citizen claiming that another vehicle headed westbound on Spring
Cypress Aalmost ran [him]
off the road.@  Based on the information provided by the citizen,
Garza began following appellant=s vehicle.  At that time, Garza testified
he noticed appellant swerving within his lane and saw the vehicle cross over
into the oncoming lane at least once.  Garza also testified that appellant
almost hit another vehicle while swerving.  After Garza turned on his emergency
lights and sirens, appellant drove over a mile and passed several places where
he could have safely stopped before pulling to the side of the road.  Deputy
Constable Ernest McNabb then arrived on the scene.  McNabb arrested appellant
for driving while intoxicated and completed the offense report.  

Prior to trial, appellant filed a motion to suppress any
evidence resulting from the traffic stop.  He argued Garza did not have the
reasonable suspicion necessary to conduct the stop.  Garza was the only witness
who testified at the motion to suppress hearing, and the trial court denied
appellant=s motion.  Appellant changed his plea to guilty,
reserving the right to appeal the denial of his motion.  On appeal, he contends
the court erred in denying the motion because the State failed to meet its
burden of proving a valid basis for the traffic stop.

Standard of Review 








In reviewing a ruling on a motion to suppress evidence, we
afford almost total deference to the trial court=s determination of
the historical facts, while reviewing de novo mixed questions of law and
fact not turning on an evaluation of credibility and demeanor.  See Guzman
v. State, 955 S.W.2d 85, 87B88 (Tex. Crim. App. 1997).  Questions of
reasonable suspicion and probable cause are reviewed de novo on appeal. 
See id. at 87 (citing Ornelas v. United States, 517 U.S.
690 (1996)).  This standard applies because the trial court is in a better
position to determine the credibility and demeanor of the witnesses.  Id. 
On the other hand, if the issue is whether an officer had probable cause to
seize a suspect, under the totality of the circumstances, the trial judge is
not in an appreciably better position than the reviewing court to make that
determination.  Id.  When, as in this case, the trial court does not
file findings of fact, we view the evidence in the light most favorable to the
trial court=s ruling and assume the trial court made implicit
findings of fact that support its ruling as long as those findings are
supported by the record.  Carmouche v. State, 10 S.W.3d 323, 328 (Tex.
Crim. App. 2000).  








In this instance,
appellant argues we should set aside the Aalmost total
deference@ standard so that we may assess Deputy Garza=s credibility
based on the record.  Appellant would have us hold that the trial court
improperly denied the motion to suppress because the decision was based only on
Garza=s testimony, the
reliability of which appellant asserts was seriously undermined by a number of
perceived inconsistencies.[1] 
However, the rule requiring that we give almost total deference to the trial
court=s evaluation of
witness credibility and demeanor is long-standing and well-established.  Montanez
v. State, 195 S.W.3d 101, 106 (Tex. Crim. App. 2006); Manzi v. State,
88 S.W.3d 240, 243 (Tex. Crim. App. 2002) (en banc); Guzman v. State,
955 S.W.2d at 89.  We decline to adopt a different standard simply because
appellant challenges the officer=s credibility.  We
may fairly assume the trial court, in weighing Garza=s credibility,
considered the claimed Ainconsistencies@ and nonetheless
opted to believe the witness.  Sembera v. Petrofac Tyler, Inc., 253
S.W.3d 815, 824 (Tex. App.CTyler 2008, pet. denied) (citing Canal
Ins. Co. v. Hopkins, 238 S.W.3d 549, 557 (Tex. App.CTyler 2007, pet.
denied)).  Therefore, viewing Garza=s testimony in the
light most favorable to the trial court=s ruling, we will
review it de novo and determine whether there was sufficient reasonable
suspicion to detain appellant for investigative purposes.

Reasonable Suspicion

Although a police
officer must have probable cause for a full custodial arrest, a mere stop of an
individual for the purposes of investigation does not require such substantial
justification.  See Terry v. Ohio, 392 U.S. 1, 20B22 (1968).  An
investigative detention occurs when the police stop and briefly detain an
individual to ascertain his identity, the reason for being in the area, or
other similar inquiry.  Amores v. State, 816 S.W.2d 407, 412 (Tex. Crim.
App. 1991).  Before a detention is justified, the officer must possess
reasonable suspicion to detain the suspect, that is, the officer must have
specific, articulable facts, which, in light of his experience and general
knowledge, together with rational inferences from those facts, would reasonably
warrant the intrusion on the freedom of the citizen stopped for investigation. 
Gurrola v. State, 877 S.W.2d 300, 302 (Tex. Crim. App. 1994).  The
articulable facts Amust create some reasonable suspicion that
some activity out of the ordinary is occurring or has occurred, some suggestion
to connect the detainee with the unusual activity, and some indication the
unusual activity is related to crime.@  Garza v.
State, 771 S.W.2d 549, 558 (Tex. Crim. App. 1989).  There need only be an
objective basis for the stop; the subjective intent of the officer is
irrelevant.  Garcia v. State, 43 S.W.3d 527, 530 (Tex. Crim. App.
2001).  If an officer has a reasonable basis for suspecting a person has
committed a traffic offense, the officer may legally initiate a traffic stop.  McVickers
v. State, 874 S.W.2d 662, 664 (Tex. Crim. App. 1993), superseded by
statute on other grounds as stated in Granados v. State, 85 S.W.3d 217, 227B30 (Tex. Crim.
App. 2002).








The burden is on
the State to demonstrate the reasonableness of the traffic stop.  Bishop v.
State, 85 S.W.3d 819, 822 (Tex. Crim. App. 2002).  Whether an officer had
reasonable suspicion is determined by considering the totality of the
circumstances.  Garcia, 43 S.W.3d at 530.  An officer may lawfully stop
an individual for a traffic violation.  Walter v. State, 28 S.W.3d 538,
542 (Tex. Crim. App. 2000); McVickers, 874 S.W.2d at 664.  A
routine traffic stop closely resembles an investigative detention.  Berkemer
v. McCarty, 468 U.S. 420, 439 (1984).  Garza based the traffic stop on
appellant=s failure to maintain a single lane in violation of
section 545.060 of the Texas Transportation Code.[2] 
Appellant claims the State has failed to demonstrate that Garza had reasonable
suspicion to make the stop because weaving between lanes, by itself, is insufficient
justification for a traffic stop.  Appellant cites cases from other courts of
appeals to support his argument.  See State v. Cerny, 28 S.W.3d 796, 800B01 (Tex. App.CCorpus Christi
2000, no pet.); State v. Tarvin, 972 S.W.2d 910, 912 (Tex. App.CWaco 1998, pet.
ref=d); Hernandez
v. State, 983 S.W.2d 867, 870B71 (Tex. App.CAustin 1998, pet.
ref=d).  The present
case is easily distinguished from those cited.








In Cerny,
failure to maintain a single lane was the only reason for the traffic stop.  28
S.W.3d at 799.  Based on the evidence presented at the hearing on the motion to
suppress, the trial court found that Cerny=s vehicle touched
the line, but that he did not cross into the next lane.  Id.  The court
of appeals concluded the officer did not articulate facts sufficient to detain
Cerny.  Id. at 801.  In Tarvin, after hearing testimony from the
officer who initiated the traffic stop, the trial court determined that Tarvin
was weaving within his own lane, and there was no evidence that he ever left
his lane.  972 S.W.2d at 911.  The officer also testified that he did not
suspect any criminal activity, other than failure to maintain a single lane,
and noticed Anothing else unusual@ about Tarvin=s driving.  Id.
at 912.  However, both the Cerny and Tarvin courts noted that Amere weaving in one=s own lane of
traffic can justify an investigatory stop when that weaving is erratic, unsafe,
or tends to indicate intoxication or other criminal activity.@  Cerny, 28
S.W.3d at 800; Tarvin, 972 S.W.2d at 912.  In Hernandez,
appellant was arrested after he drifted into the adjacent lane traveling in the
same direction one time.  983 S.W.2d at 868.  The arresting officer testified
there was nothing unsafe about the movement between lanes and there was no
other reason for the traffic stop.  Id.  Because there was no evidence
the lane change was unsafe, the court held the State failed to demonstrate that
the stop was reasonable.  Id. at 872.

In the present
case, unlike those cited by appellant, Garza testified that he saw appellant=s car move into
the adjacent lane where it almost collided with another vehicle.  Thus, there
is evidence that appellant drifted outside of his lane, evidence that was
lacking in both Cerny and Tarvin.  The officer=s testimony
regarding the near collision further demonstrates that the movement between
lanes was unsafe, which the evidence failed to establish in Hernandez. 
Because of the dissimilarity between the cases cited by appellant and the
instant case, we cannot agree with appellant=s assertion. 
Moreover, we have held that swerving into another lane on just one occasion is
sufficient to stop a motorist for violating section 545.060.  Myles v. State,
946 S.W.2d 630, 633B34 (Tex. App.CHouston [14th
Dist.] 1997, pet. ref=d);
see
also Martinez v. State, 29 S.W.3d 609, 611B12 (Tex. App.CHouston [1st
Dist.] 2000, pet. ref=d) (holding that drifting partially onto
shoulder of freeway for one or two seconds and pulling back was sufficient for
officer to reasonably believe that violation of section 545.060 had
occurred)).  Thus, we conclude that appellant=s weaving within
his own lane and movement into the adjacent lane where he nearly collided with
another car provided a reasonable basis for suspecting he had committed a
traffic offense.








Additionally, the
fact that an unidentified citizen considered appellant enough of a threat to
the safety of others to alert Garza to appellant=s erratic driving
further distinguishes this case.  A tip by an unnamed informant of undisclosed
reliability, standing alone, rarely will establish the requisite level of
suspicion necessary to justify an investigative detention.  State v. Garcia,
25 S.W.3d 908, 912 (Tex. App.CHouston [14th
Dist.] 2000, no pet.) (citing Florida v. J.L.,
529 U.S. 266 (2000); Alabama v. White, 496 U.S. 325, 329 (1990)). 
However, there are situations in which an anonymous tip, suitably corroborated,
exhibits sufficient indicia of reliability from which a police officer may
reasonably conclude that detention is justified.  See Garcia, 25 S.W.3d
at 913.  We have recognized that information from a citizen who confronts an
officer in person should be given greater weight than an anonymous phone call. 
Id. (quoting State v. Sailo, 910 S.W.2d 184, 188 (Tex. App.CFort Worth 1995,
pet ref=d)).  A person who
is not connected with the police or who is not a paid informant is Ainherently
trustworthy@ when he advises the police.  Id.  Unlike an
anonymous phone call, an individual presenting himself to the officer in
person, and doing so while driving a vehicle from which his identity might be
easily traced, puts himself in a position to be held accountable for his
intervention.  Id.  Thus, the reliability of the information provided by
such an informant is increased.  Id. 

In this case, an unidentified individual provided Deputy
Garza information in person, and the information provided was specific as to
the time of the alleged criminal activity and precise as to the kind of crime
being committed.  Id.  Moreover, there is nothing in the record
before us that would have caused Garza to doubt the reliability or good faith
of that informant.  The informant, although unknown to the officer, was
sufficiently reliable because he placed himself in a position where he could
have been easily identified and held responsible for his intervention.  See
id.  








In addition,
information provided by the unidentified informant was corroborated by Garza=s direct
observations.  In a totality-of-the-circumstances analysis, corroboration by
the law enforcement officer necessarily goes to the reliability of the
information.  Id.  Corroboration by a police officer means that, in
light of the circumstances, he confirms enough facts so that he reasonably
concludes that the information provided is reliable and that a detention is
justified.  Id.  (citing White, 496 U.S. at 330B31).  Based on our
review of the totality of the circumstances, in light of Deputy Garza=s experience and
knowledge, and giving the concerned citizen=s information the
weight it deserves based on the indicia of reliability, we hold the officer
corroborated enough facts conveyed to him by the unidentified citizen to
justify an investigative stop of appellant=s vehicle.  After
the motorist notified the officer of appellant=s erratic driving,
he observed appellant swerve into the adjacent lane, almost striking another
vehicle.  Therefore, we hold there was sufficient reasonable suspicion to
justify an investigative detention based on the information provided by the
concerned motorist and Garza=s corroborating observations.  See id. 


Conclusion

We hold that the
trial court did not err in denying appellant=s motion to
suppress.  The judgment of the trial court is affirmed.

 

 

 

 

/s/      J.
Harvey Hudson

Senior
Justice

 

 

 

 

Judgment rendered and Memorandum
Opinion issued December 11, 2008.

Panel consists of Justices Anderson
and Frost, and Senior Justice Hudson.*

Do Not Publish C Tex. R. App. P. 47.2(b).

 









[1]  Garza testified that he saw appellant swerve into
the adjacent lane, almost hitting another vehicle, but it is unclear whether he
was referring to an oncoming lane of traffic or one moving in the same
direction.  Garza also initially testified that appellant=s vehicle drifted over the Afog line,@
but later claimed it was the center line and not the fog line.  Finally, Garza
testified that he caught up with appellant after pursuing him for only 200
feet, which appellant claims is impossible, further demonstrating the
unreliability of his testimony.   

Appellant also complains Garza=s testimony was unreliable because he did not complete
an offense report. Instead, he conveyed the facts surrounding appellant=s detention to Deputy McNabb for inclusion in the
offense report.  The report simply stated, Athe
vehicle weaving unsafely from lane to lane.@ 
Thus, Garza testified largely from memory.  Appellant asserts the testimony was
unreliable because Garza recalled facts about the stop from memory that were
not included in the offense report.  





[2]  Section 545.060 provides: A(a) an operator on a roadway divided into two or more
clearly marked lanes for traffic: (1) shall drive as nearly as practical
entirely within a single lane; and (2) may not move from the lane unless the
movement can be made safely.@  Tex. Transp.
Code Ann. ' 545.060 (Vernon 1999).





* 
Senior Justice J. Harvey Hudson sitting by assignment.